```
                                                                    1
 1                  UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
 2

 3    -------------------------------X
      TANKLEFF,
 4                                    :  CV 09-1207

 5            Plaintiff,
                                      :  United States Courthouse
 6      -against-                        Central Islip, New York

 7    SUFFOLK COUNTY,
                                      :  May 26, 2009
 8            Defendant.                 4:30 p.m.
      -------------------------------X
 9
                       TRANSCRIPT OF PROCEEDINGS
10              BEFORE THE HONORABLE JOANNA SEYBERT
                UNITED STATES DISTRICT COURT JUDGE
11

12    APPEARANCES:

13    For the Plaintiff:       NEUFELD SCHECK & BRUSTIN, LLP
                               99 Hudson Street
14                             New York, NY 10013
                               By: DEBORAH CORNWALL, ESQ.
15                                  -and-
                                  BRUCE BARKET, ESQ.
16                                BARRY J. POLLACK, ESQ.

17    For the Defendant:       SUFFOLK COUNTY ATTORNEY'S OFFICE
                               H Lee Dennison Building
18                             100 Veterans Memorial Highway
                               Hauppauge, NY 11788
19                             By: RICHARD DUNNE, ESQ.
                                   SUSAN FLYNN, ESQ.
20                                 Assistant County Attorneys

21

22

23    Court Reporter:          OWEN WICKER, RPR
                               100 Federal Plaza - Suite 1180
24                             Central Islip, New York 11722
                               (631) 712-6102
25
```

*OWEN WICKER, RPR*
*OFFICIAL COURT REPORTER*

```
 1   Proceedings recorded by mechanical stenography;
     transcript produced by computer aided transcription
 2

 3            (Case called.)

 4            MS. CORNWALL:  Deborah Cornwall.

 5            Deborah Cornwall of Cochran Neufeld Scheck.

 6   We're here with Martin Tankleff.

 7            If I may add, Mr. Scheck sends his apologies,

 8   he's meeting with the Governor's counsel with legislation

 9   in Albany this afternoon.

10            THE COURT:  Wonderful.

11            MR. DUNNE:  Richard Dunne on behalf of the named

12   defendant.

13            MS. FLYNN:  And Susan Flynn, your Honor.

14            THE COURT:  This is what I would consider to be

15   a relatively simple matter to resolve.

16            Obviously plaintiff knows he can't keep these

17   documents secret, so I think we've wasted a fair amount of

18   time.  I would really caution the defendants, I'm not

19   impressed with motions that really don't have any prospect

20   of being successful.  I think you'd be better off

21   answering and moving forward on this case.

22            I've looked at your arguments briefly on

23   collateral estoppel.  I don't frankly see what difference

24   it makes whether you get the blood stain samples test,

25   etcetera, produced or not.  The complaint seems to be
```

3

1  pretty solid.
2         MR. DUNNE:  I don't know whether I was clear
3  enough in the correspondence.
4         In lieu of the answer with respect to the motion
5  we make, the request for the documents in the possession
6  of the Attorney General's Office in reference to the blood
7  evidence, refers to something that was referenced --
8         THE COURT:  Back in 1990.
9         MR. DUNNE:  It was something referenced to the
10 back of the complaint and that we focused on the
11 collateral estoppel issues, the confessions being
12 fabricated or coerced in some manner taints the grand jury
13 and forms the presumption of probable cause.  That's what
14 the collateral estoppel argument is based on.
15        The request for an unsealing order had to do
16 with the blood stain that is in issue and apparently some
17 sort of finding by the Attorney General that this was
18 possibly a knife, and it's something that the lab folks
19 did not interpret as being a knife.
20        I don't know what the basis of that is but it
21 appears from from a preliminary observation meaning by
22 clients and potential witnesses.  In fact the
23 difference -- essentially an expert opinion  -- a
24 difference in expert opinions over what particular blood
25 stain is or is not and there is an allegation that that

4

1  was Brady material that was withheld at the time of the
2  trial.  And my preliminary discussions with my clients is
3  that it was contained in a lab report that was given to
4  them.
5             So in order to do that aspect of the prospective
6  motion, I was just attempting to determine what it was --
7             THE COURT:  You have to do an answer.
8             MR. DUNNE:  12(b)(6) would be a little bit of an
9  answer.
10            THE COURT:  I understand, but Mr. Dunne I really
11 don't see where you are going with this.  Your 12(b)(6)
12 motion has a number of issues that you will lose on.  I
13 think you are aware of that.  Certainly a motion to
14 dismiss when you have this number of causes of action and
15 the requisite evidence that you are looking for is not
16 going to apply to many of them.
17            MR. DUNNE:  Right.  I think it is only four
18 paragraphs that that evidence refers to.  I'm aware of
19 that.
20            THE COURT:  Right.
21            So why don't we do it this way.  Why don't you
22 get a consent.  I'm I'm sure you will get a consent from
23 the plaintiff today for the release of the materials and
24 you can answer in 30 days, and we can move along.
25            MR. DUNNE:  Am I to take it then you are denying

5

1  the request to make a motion?
2          THE COURT:  You can always make motions.  I just
3  want to make sure we understand each other.
4          If you had a motion that I think could go
5  forward as a motion to dismiss, I wouldn't have any
6  problem with it.  The way you are structuring it in terms
7  of the Rule 12(b) motion, it's just -- I don't see it as
8  getting a dismissal on all grounds.  That's what I'm
9  telling you, Mr. Dunne.
10         If you want to go forward, you can make your
11 motion, and you can get the materials.  I'm sure the
12 defendant will consent today, but I'll not put this case
13 over for a long time.
14         So why don't you confer with your colleague and
15 let me know what you'd like to do.
16         MS. CORNWALL:  Your Honor, I did speak to
17 Mr. Dunne before today's conference in hopes of
18 negotiating a resolution.
19         I proposed that we would sign an unsealing order
20 if the defendants would agree to take part in a Rule 26(f)
21 discovery scheduling conference so that we, too, would
22 have the power of discovery going forward.  That
23 recommendation, that proposal was rejected.  So we would
24 ask for clarification as to whether we can hold such a
25 meeting and move forward with discovery, regardless of the

6

1  course taken by the defense.
2          THE COURT:  I don't see a reason for you not to
3  be able to get some discovery.  You will create an
4  unsealing today.
5          Mr. Dunne?
6          MS. FLYNN:  May ask a question.  I'm not quite
7  clear what the Court wants us to do.
8          If we file our motion and I understand the
9  Court's attitude about filing a motion --
10         THE COURT:  Always file a motion.
11         MS. FLYNN:   -- that will not stop discovery
12  from going forward.
13         THE COURT:  That's right.
14         MS. FLYNN:  Okay
15         THE COURT:  So why don't you go out.
16         MR. DUNNE:  Let me ask:  If we're stopping
17  discovery, I understand usually that would mean we would
18  go forward with some documentary evidence.
19         What about depositions?
20         THE COURT:  I think everyone has been deposed in
21  this case numerous times, or at least there has been
22  testimony taken numerous times.
23         MR. DUNNE:  Certainly a trial record for sure.
24         THE COURT:  Yes.
25         THE COURT:  You will push for discovery now.

```
                                                               7
1                MS. CORNWALL:  For documentary discovery, that's
2    our primary objective.
3                THE COURT:  Not depositions.
4                MS. CORNWALL:  We want to gather the paper
5    record first.
6                THE COURT:  The primary defendants here, are
7    they currently with any Suffolk County police department,
8    or have they terminated their relationship?
9                MR. DUNNE:  All are retired with one exception.
10               THE COURT:  Who is that?
11               MR. DUNNE:  Robert Doyle.  The rest of the folks
12   have since retired.
13               THE COURT:  They are all willing to come in and
14   be deposed, if necessary.
15               MR. DUNNE:  When we get to that point,
16   certainly.
17               THE COURT:  If you get to that point.
18               MR. DUNNE:  Right.
19               THE COURT:  So you have a little stipulation
20   today for the unsealing.
21               MS. CORNWALL:  I don't have one but we'll
22   certainly work with opposing counsel to create them.
23               MR. DUNNE:  That's fine.
24               And, then, Judge, you are at least indicating at
25   this point you will not accept the 12(b)(6).  We'll
```

OWEN WICKER, RPR
OFFICIAL COURT REPORTER

8

1  answer, and after some discovery we may move again.
2          THE COURT:  If you want to go forward on a
3  12(b)(6), I can't stop you, but I'll not delay it for a
4  substantial period of time.
5          MR. DUNNE:  Understood.
6          THE COURT:  All right.  So what would you like
7  to do?
8          MS. FLYNN:  Well, Judge, if I understand what
9  you are saying, within the next 30 days we need to either
10 answer or make our motion.
11         THE COURT:  That's right.
12         MS. FLYNN:  All right.  Understood.
13         MS. CORNWALL:  And, your Honor, within that same
14 period of time may we have an order to go ahead with that
15 Rule 26(f) meeting?
16         THE COURT:  Yes.
17         MS. CORNWALL:  Thank you.
18         THE COURT:  This case has been assigned to Judge
19 Wall for discovery.  It's quite even-handed.  Get it done
20 quickly and we'll see what is going on from there.
21         I think it would benefit both the defendant and
22 plaintiffs to have the document completed in short order.
23         MR. DUNNE:  What I will do since your Honor --
24 so I can be clear here  -- I only referenced an unsealing
25 order with respect to the information that is in the

9

1  possession of the Attorney General's Office.
2              THE COURT:  Yes.
3              MR. DUNNE:  I'm aware that section 190 of the
4  Criminal Procedure Law suggests that items that were
5  attendant to an appeal aren't necessarily sealed.  I'll
6  submit an unsealing order for the DA's file so we're
7  covered.  We'll just open everything up.
8              THE COURT:  Everyone knows you will get it.
9  There is no need to hide materials, and on the other hand,
10 motions might be done most likely after you answer.  But
11 if you want to make one before that, you can make it and I
12 can decide it.
13             Okay.
14             MR. DUNNE:  Thank you.
15             MS. CORNWALL:  Thank you.
16             THE COURT:  Shall we set you up with an
17 appointment with Judge Wall.  Chambers can do that.
18             Anything else?
19             MS. CORNWALL:  No, your Honor.  Thank you.
20             THE COURT:  Okay.  Have a good day.
21             (Proceedings concluded.)