# EXHIBIT A

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of New York

| | |
|---|---|
| Martin Tankleff ⟩ | |
| _Plaintiff_ ⟩ | |
| v. ⟩ | Civil Action No.  09-CV-1207 |
| Suffolk County, et al. ⟩ | |
| ⟩ | (If the action is pending in another district, state where: |
| _Defendant_ ⟩ | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES**

To:   Office of the Attorney General, Managing Attorney's Office, 120 Broadway, 24th Floor, New York, NY 10271

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please see attached Exhibit A.

| Place:  Neufeld Scheck & Brustin, LLP<br>99 Hudson Street, 8th Floor<br>New York, NY 10013 | Date and Time:<br><br>08/03/2009 17:00 |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   07/20/2009

| _CLERK OF COURT_ | |
|---|---|
| | OR |
| _____ | _____ |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_     Martin Tankleff
_____ , who issues or requests this subpoena, are:

Deborah L. Cornwall, Neufeld Scheck & Brustin, LLP, 99 Hudson Street, 8th Floor, New York, NY 10013, (212) 965-9081

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.  09-CV-1207

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* Office of the Attorney General
was received by me on *(date)* 7/20/09 .

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☑ I served the subpoena to *(name of individual)* Wilhelmina Houston _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* Office of the
Attorney General _____ on *(date)* 7/20/09 ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 7/20/09 _____                    _____
                                                              *Server's signature*

                                                 Elizabeth Daniel    paralegal
                                                    *Printed name and title*


                                                 99 Hudson Street, New York, NY 10013
                                                      *Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT A

Certified, true, and correct copies of ANY and ALL documents in your custody and control, relating to the reinvestigation of the murders of Seymour and Arlene Tankleff and/or to the reinvestigation of Martin Tankleff as a suspect in that crime, including but not limited to:

A. The complete investigative file, reproduced in its original form;

B. Any documents created by any employee of the Attorney General's Office, including but not limited to, statements, notes, memoranda, discussions and reports with potential witnesses, witnesses, or suspects, whether oral, audio, taped, or written;

C. Any documents reflecting actions taken by employees of the Attorney General's Office;

D. Any documents reflecting investigation of any and all suspects, including without limitation Martin Tankleff, Gerald "Jerry" Steuerman, Todd Steuerman, Joseph "Joey" Creedon, Glenn Harris, and/or Peter Kent;

E. Any documents or audio or video recordings as well as notes, memoranda, and reports relating to discussions, interrogations, or interviews with, or statements taken from, any potential witnesses, witnesses, informants, or suspects at any time in the investigation, whether or not under oath;

F. Any documents reflecting polygraph tests of any and all potential witnesses, witnesses, informants, or suspects, including the underlying data and results;

G. Any reports, bench notes, or worksheets reflecting the examination or testing of forensic evidence, including the underlying data and results;

H. Evidence logs, evidence vouchers, and chain of custody documents; wiretaps; probable cause affidavits; arrest warrants; signed waivers; photographs, including true and accurate (color) copies of photographic arrays and photopacks in the form displayed to witnesses; identification procedures; medical examinations; investigative reports and supplements; interdepartmental memoranda; and news reports;

I. Memo books, notebooks, and notes from all investigating officers/employees, identified by officer/employee name and shield/id number;

J. Any and all reports, notes, memoranda, and communications with or by local police departments, including without limitation the Suffolk County Police Department and the Belle Terre Village Constabulary;

K. Any and all reports, notes, memoranda, and communications between employees of the Attorney General's Office and employees of the Suffolk County District Attorney's Office.

To the extent that the originals of any of the above-designated documents or materials were generated by any agency other than the Attorney General's Office, including without limitation the Suffolk County District Attorney's Office, the Suffolk County Police Department, the Belle Terre Village Constabulary, or any other entity, please so indicate by identifying the document's source of origin attached to the copy you provide.