# EXHIBIT B



## STATE OF NEW YORK
## OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

LESLIE G. LEACH
Executive Deputy Attorney General
Division of State Counsel

October 30, 2009

JUNE DUFFY
Assistant Attorney General in Charge
Litigation Bureau

**By Facsimile**
Deborah Cornwall, Esq.
Neufeld Scheck & Brustin, LLP
99 Hudson Street
New York, New York 10013

Re: Martin Tankleff v. Suffolk County, et al., 09 CV 1207

Dear Debi:

As you requested in our telephone conversation today, I am writing to bring you up to date on the status of the response of the Office of the Attorney General (OAG) to your subpoena requesting the production of documents from the OAG's investigation of the murders of Seymour and Arlene Tankleff.

When Risa Sugarman and I met with you and Elizabeth Daniel on September 14, 2009, we all agreed that we would divide our response to the subpoena into two stages, first producing the materials the OAG had received from Suffolk County (except those subject to grand jury secrecy rules) and then, in the second stage, determining and advising you of the privileges and other objections we might need to assert with respect to the OAG's internal files. With respect to the Suffolk County materials, you and Elizabeth reviewed the documents during that meeting and, pursuant to your proposal, we agreed that rather than producing hard copies, we would make the documents available to a reproduction company retained by you, Scarab Consulting, who would scan the documents with Bates numbers and produce CD-ROMs containing the documents for you, us and counsel for Suffolk County.

On September 30, 2009, Elizabeth came to our office to prepare the first stage documents for scanning by Scarab and on October 5, 2009, Scarab picked up the documents. They returned the original documents to us on October 8 and on October 14 and 15, 2009, we received from Elizabeth CD-ROMs in two different formats containing the Bates numbered documents produced. According to Scarab, the documents produced and scanned consisted of 8,175 pages.

After our original meeting, we had arranged for copies to be made of audio tapes, videotapes and CD's containing photographs, all from Suffolk County's files. On October 23 and 27, 2009, we delivered to Elizabeth thirty-five CDs, containing copies of twenty-three

2

original tapes and discs.

In addition, we advised you at the September 14, 2009 meeting that the physical evidence that the OAG had received from Suffolk County was in storage in White Plains and that we would make it available to you there on a mutually convenient date for inspection and photographing.

When the first stage production was almost complete, you and I talked about moving forward on the second stage and I told you that because of the important policy issues involved, Risa and I were trying to get clear instructions as to our authority to produce documents from the OAG's internal file and our position with respect to privileges. I advised you on October 23, 2009 that we had no decision yet, but that I would make every effort to get one by the end of this week. When we spoke this afternoon, I still had no authority and you told me that you would have more flexibility on our time to clarify our objections if we could advise you of some categories documents that we knew could be produced.

I am now pleased to advise you that we have authority to move forward with the production of the scientific/laboratory reports in the OAG's file, as well as the OAG's investigative reports, except a certain number that we may have to withhold as privileged. We are also reviewing internal correspondence and notes within the OAG and some miscellaneous materials for privilege. In addition, of course, we will have to withhold grand jury materials.

We will make every effort to finalize our objections and prepare a privilege log. Meanwhile, we can start to make arrangements for the scanning of the materials we are ready to produce.

Very truly yours,

John

John M. Schwartz
Assistant Attorney General
(212) 416-8559

Encl.