# EXHIBIT C

Case 2:09-cv-01207-JS-AYS   Document 27-4   Filed 12/02/09   Page 1 of 6 PageID #: 138

Not Reported in F.Supp.2d, 2007 WL 2276388 (E.D.N.Y.)
**(Cite as: 2007 WL 2276388 (E.D.N.Y.))**

C
Only the Westlaw citation is currently available.

United States District Court,
E.D. New York.
Kenneth MYERS, Petitioner,
v.
William PHILLIPS, Superintendent, Greenhaven Correctional Facility, Respondent.
**No. 04 CV 4365(ERK)(RML).**

Aug. 7, 2007.

*ORDER*

LEVY, United States Magistrate Judge.

**\*1** Respondent William Phillips ("respondent") moves pursuant to Fed.R.Civ.P. 45(c)(3)(A)(iii) to quash a subpoena directing the Kings County District Attorney (the "District Attorney") to disclose to petitioner Kenneth Myers ("petitioner") the complete grand jury minutes (the "Minutes") taken in *People v. Kenneth Myers,* Kings County Indictment Number 4231/96. For the reasons stated below, the subpoena is modified as described *infra.*

**BACKGROUND AND FACTS**

Petitioner *pro se*[FN1] filed this petition for a writ of habeas corpus on October 8, 2004. Petitioner alleges ineffective assistance of counsel, deprivation of due process by erroneous jury instructions, and deprivation of his Constitutional right to present a defense. (*See* Petitioner's Memorandum of Law, dated May 18, 2007 ("Pet.'s Mem."), at 1-3.) At a telephone conference on January 27, 2006, petitioner was instructed to submit a subpoena for the grand jury "testimony of the police officers who testified at trial." (*See* Transcript of Telephone Conference, dated Jan. 27, 2007 ("Tr."), at 12.) At the January 27, 2006 conference, petitioner maintained that the grand jury testimony of certain police officers and a medical examiner were formerly in his possession, or in the possession of his now-relieved counsel.[FN2] (*Id.* at 17-18.) By subpoena issued January 30, 2007 and served on the District Attorney March 14, 2007, petitioner sought disclosure of the "Grand Jury Minutes (in full)." (*See* Affidavit of Sholom J. Twersky, Esq., dated Mar. 22, 2007 ("Twersky Aff."), ¶ 9.)

> FN1. Petitioner's attorney was relieved as counsel by order dated May 23, 2005.
>
> FN2. The apparent cause of the loss of documents is attributed to the untimely death of petitioner's original habeas counsel. Petitioner's now-relieved counsel was an associate of the deceased.

Respondent moves to quash or modify the subpoena, or in the alternative, requests that the court conduct an *in camera* inspection of the Minutes to determine whether they should be released. (*Id.* at 4.) Respondent argues that the doctrine of comity compels this court to refrain from ordering disclosure of the Minutes and that petitioner has failed to meet his burden of demonstrating a compelling and particularized need for the Minutes which outweighs the public policy considerations supporting grand jury secrecy. (*See* Respondent's Memorandum of Law in Opposition to the Disclosure of Grand Jury Minutes, dated Mar. 22, 2007 ("Resp.'s Mem."), at 1, 8.)

Petitioner opposes the motion to quash, or in the alternative, requests that the court conduct an *in camera* inspection of the Minutes or that the court instruct him to return to state court to exhaust his remedies there. (*See* Petitioner's Declaration, dated May 2, 2007 ("Pet.'s Decl."), at 2.) Petitioner argues that the doctrine of comity does not preclude a federal court from ordering the disclosure of state grand jury minutes and that he has satisfied his burden to demonstrate a compelling and particularized need. (*Id.* at 1-2.)

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 2276388 (E.D.N.Y.)
(Cite as: 2007 WL 2276388 (E.D.N.Y.))

## DISCUSSION

Privileged matter is immune from discovery. Fed.R.Civ.P. 26(b)(1). Because this action is premised upon federal law claims, federal common law is the source of any privilege. *See, e.g., Von Bulow v. Von Bulow,* 811 F.2d 136, 141 (2d Cir.1987); *King v. Conde,* 121 F.R.D. 180, 189 (E.D.N.Y.1988); *Burke v. New York City Police Dep't,* 115 F.R.D. 220, 224 (S.D.N.Y.1987). Thus, although New York preserves the secrecy of its grand jury by statute, *see* N.Y. CRIM. PROC. LAW § 190.25(4) (2007), that statute does not control in this action.[FN3] *See Lora v. Board of Ed. of City of New York,* 74 F.R.D. 565, 576 (E.D.N.Y.1977) (federal courts are not bound by state law protecting the secrecy of state grand jury proceedings, but "a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to substantive and procedural policy.").

> FN3. Despite the fact that a criminal supervisory court is usually in the best position to evaluate the factors militating for secrecy, courts where related civil cases are pending and in which grand jury testimony is sought to be discovered are "armed with ... special knowledge of the status of the civil actions." *Douglas Oil v. Petrol Stops Northwest,* 441 U.S. 211, 230 (1979). "That knowledge provides them a perspective on the countervailing need for disclosure-a view which may be obfuscated for the supervisory court ." *Scheiner v. Wallace,* No. 93 Civ. 0062, 1995 U.S. Dist. LEXIS 18873, at *12 (S.D.N.Y. Dec. 18, 1995).

*2 Under federal law, a party seeking disclosure of federal grand jury material must demonstrate a particularized need. *See Douglas Oil v. Petrol Stops Northwest,* 441 U.S. 211, 217 (1979). Thus, in evaluating applications to unseal state grand jury minutes, federal courts have required the same demonstrations of "particularized need" required for the unsealing of federal grand jury minutes. *See, e.g., Palmer v. Estate of Stuart,* No. 02 Civ. 4076, 2004 U.S. Dist. LEXIS 21788, at *6-7 (S.D.N.Y. Nov. 1, 2004); *Waterman v. City of New York,* No. 96 Civ. 1471, 1998 U.S. Dist. LEXIS 235, at *4-5 (S.D.N.Y. Jan. 9, 1998); *Scheiner v. Wallace,* No. 93 Civ. 0062, 1995 U.S. Dist. LEXIS 18873, at *13-14 (S.D.N.Y. Dec. 18, 1995). To demonstrate particularized need the movant must show "that (a) the material sought is needed to avoid a possible injustice, (b) the need for disclosure is greater than the need for secrecy, and (c) the request is structured to cover only material so needed." *Scheiner v. Wallace,* 1995 U.S. Dist. LEXIS 18873, at *13-14 ( quoting *Cullen v. Margiotta,* 811 F.2d 698, 715 (2d Cir.1987) (citations omitted)).

### A. Possible Injustice

Under New York state law, a prosecutor is required to make available to the defendant any grand jury testimony made by a person whom the prosecutor intends to call as a witness at trial and which relates to the subject matter of the witness's testimony. *See* N .Y. CRIM. PROC. LAW § 240.45(1)(a) (2007); *People v. Rosario,* 9 N.Y.2d 286 (N.Y.1961). Respondent concedes that petitioner's trial attorney would have had access to the so-called "[R]osario material."[FN4] (*See* Tr. at 18.)

> FN4. "[I]f certain witnesses testified at trial and also testified at the hearing [petitioner] would have been provided before their cross-examination at trial a copy of their grand jury testimony so that they could be used on cross-examination." (Tr. at 18.)

It is clear that petitioner's trial attorney had access to the grand jury testimony of any government witness who testified at trial. It is unclear, however, how this testimony was lost or otherwise went out of petitioner's possession over the course of his efforts to exhaust all available remedies, first with

new counsel and now *pro se*. The court need not speculate on this matter. Ultimately, petitioner's habeas claims hinge on the testimony of the government's witnesses. To wit, petitioner alleges that the police officers' testimony was conflicting and inadmissible as a matter of law and that the medical examiner's testimony was insufficient to support a conviction. (*See* Pet.'s Decl. at 2.) Without the Minutes, petitioner is hampered in his ability to make specific arguments to support his claims.

This is not a case where the ultimate facts testified to before the grand jury can also be obtained by petitioner from the same original sources. That is the sort of situation in cases where disclosure of grand jury minutes is typically denied. In such cases, there is usually no "particularized need" [FN5] because the information sought may be obtained by other means which do not intrude upon the secrecy of the grand jury.

> FN5. Some courts have found a "particularized need" in the public and judicial interest in the just resolution of a lawsuit. *See Dale v. Bartels,* 532 F.Supp. 973, 976 (S.D.N.Y.1982) (*citing In re Biaggi,* 478 F.2d 489 (2d Cir.1973)).

In this case ... the grand jury testimony is the res itself, the subject matter of this part of the lawsuit. What is relevant here is not the underlying facts testified to, but the content of the testimony itself. The grand jury testimony itself is what this case (in this aspect) is all about.

*3 *Dale v. Bartels,* 532 F.Supp. 973, 977 (S.D.N.Y.1982). As was true in *Dale,* petitioner is not requesting the grand jury minutes where testimony of the officers at trial would do just as well. Instead, he needs the Minutes in the event that they contain testimony that differs from what was given at trial.[FN6] There is no reason to believe that deposition or trial testimony will necessarily mirror the testimony given at the grand jury.[FN7]

> FN6. The New York Court of Appeals has held that the "use of witness' grand jury testimony for impeachment ... is commonplace and perfectly proper." *People v. DiNapoli,* 27 N.Y.2d 229, 237 (N.Y.1970). In addition the Supreme Court has noted that "the typical showing of particularized need arises when a litigant seeks to use 'the grand jury transcript ... to impeach a witness." *Douglas Oil,* 441 U.S. at 222 n. 12 (*quoting United States v. Procter & Gamble,* 356 U.S. 677, 683 (1958)).

> FN7. Both petitioner and respondent have suggested that the court conduct an *in camera* examination of the Minutes. However, given the minimal interest in preserving the secrecy of the Minutes in this case, discussed *infra,* the court is disinclined to conduct its own inspection, which necessarily carries the potential risk of the court's not recognizing a piece of testimony that the petitioner might find significant for proving his case.

*B. Need for the Minutes Compared with Need for Secrecy*

The second prong of the *Douglas Oil* test calls for balancing a party's need for disclosure with the need for secrecy. "In making this difficult determination, a district court has been 'infused with substantial discretion.' " *In re Federal Grand Jury Proceedings,* 760 F.2d 436, 439 (2d Cir.1985) (*quoting Douglas Oil,* 441 U.S. at 223). Petitioner's need for the Minutes was discussed *supra.* The usual reasons given for grand jury secrecy are as follows:

(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify be-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

fore [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Douglas Oil*, 441 U.S. at 219 n. 10 (citations omitted). The New York Court of Appeals has articulated reasons for the New York policy almost identical to those set out by the Supreme Court. *See People v. DiNapoli*, 27 N.Y.2d 229, 235 (N.Y.1970). It is hardly necessary to review most of these factors, as virtually none of them is even arguably applicable here. Petitioner's grand jury proceeding and trial are over. Disclosure of the testimony will not facilitate any "escape," will not cause anyone to "importune" grand jurors, will not cause any witness tampering, will not affect the incentive for witnesses to testify before future grand juries, and will not protect petitioner's name. The officers' interest in secrecy is at its lowest given that testifying before grand juries is part of their regular duties as public servants. *See Dale*, 532 F.Supp. at 976 ("A Government agent is not likely to be inhibited by a subsequent disclosure in the sense that a businessman, victim of extortion or racketeering who testifies to the grand jury might be."); *see also, Savino v. City of New York*, No. 97 Civ. 9029, 1999 U.S. Dist. LEXIS 22463, at *3 (S.D.N.Y. Dec. 16, 1999) (ordering release of grand jury minutes on the ground that where "there has been a criminal trial and the witnesses have testified in public.... there are no longer any pressing reasons for grand jury secrecy.").

*4 Indeed, it is difficult to discern what possible interest could be impaired by the release of these minutes. After all, as explained *supra*, whenever a witness testifies for the prosecution at a criminal trial, the grand jury testimony of that witness relating to the subject matter of his or her trial testimony is automatically made available to the defendant. *See* N.Y. CRIM. PROC. LAW § 240.45(1)(a) (2007). Both federal and New York courts have noted that the need for confidentiality is somewhat, though not completely, abated after the conclusion of grand jury proceedings. The Supreme Court has explained that "as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification." *Douglas Oil*, 441 U.S. at 223. In balancing the need for disclosure with the public interest in grand jury secrecy, the relevant circumstances of this case do not call for significant consideration of "the effect upon the functioning of future grand juries." *Id.* at 222.

### C. Structuring of the Request

"[A] court called upon to determine whether grand jury transcripts should be released necessarily is infused with substantial discretion." *Id.* at 223 (citing *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399 (1959)). FED. R. CIV. P. 45(c)(3)(A)(iii) provides, in pertinent part, that a court shall *"modify* the subpoena if it ... requires disclosure of privileged or other protected matter and no exception or waiver applies." FED. R. CIV. P. 45(c)(3)(A)(iii) (emphasis added). Petitioner is before the court *pro se.* This court construes his request as seeking only the grand jury testimony of the prosecution witnesses who testified at trial. In this way, the only grand jury testimony the government is compelled to release is that which the petitioner needs.

### CONCLUSION

For the foregoing reasons, respondent's motion to quash the subpoena is denied in part and granted in part. The subpoena is modified to order the disclosure of the Minutes containing the testimony of any witnesses called by the government at trial.

SO ORDERED.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 2276388 (E.D.N.Y.)
**(Cite as: 2007 WL 2276388 (E.D.N.Y.))**

E.D.N.Y.,2007.
Myers v. Phillips
Not Reported in F.Supp.2d, 2007 WL 2276388 (E.D.N.Y.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.