UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

RD-6665

MARTIN TANKLEFF,

        Plaintiff,

**CV-09-1207 (JS) (WDW)**

THE COUNTY OF SUFFOLK,
K. JAMES MCCREADY, NORMAN REIN,
CHARLES KOSCIUK, ROBERT DOYLE,
JOHN MCELHONE, JOHN DOE POLICE
OFFICERS #1-10, RICHARD ROE
SUFFOLK COUNTY EMPLOYEES #1-10,

        Defendants.

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF RULE 12(f) MOTION TO STRIKE**

Dated: Hauppauge, New York
       April 6, 2010

           CHRISTINE MALAFI
           Suffolk County Attorney
           Attorney for Defendants
             COUNTY OF SUFFOLK, K. JAMES
             McCREADY, NORMAN REIN,
             CHARLES KOSCIUK, ROBERT
             DOYLE, and JOHN MCELHONE
           100 Veterans Memorial Highway
           P.O. Box 6100
           Hauppauge, New York 11788

    By:   Susan A. Flynn (SAF 5652)
           Assistant County Attorney

**PRELIMINARY STATEMENT**

Plaintiff Martin Tankleff (hereinafter "plaintiff" or "Tankleff") brings this action, pursuant to 42 U.S.C. §1983 ("§1983"), against defendants County of Suffolk, Retired Detective K. James McCready ("Detective McCready"), Retired Detective Norman Rein ("Detective Rein"), Retired Detective Charles Kosciuk ("Detective Kosciuk"), Detective Robert Doyle ("Detective Doyle") and Retired Detective Lieutenant John McElhone ("Detective McElhone") (collectively "defendants") alleging that he was wrongfully convicted of the murder of his parents. Defendants submit this memorandum of law in support of the instant motion, pursuant to Federal Rules of Civil Procedure (hereinafter "Rule") 12(f), to strike the following language that appears on the cover of plaintiff's complaint:

> And when the last law was down, and the Devil turned round on you—where would you hide, Roper, the laws all being flat? This country's planted thick with laws from coast to coast—man's laws, not God's—and if you cut them down—and you're just the man to do it—d'you really think you could stand upright in the winds that would blow then?
>
> *A Man for All Seasons*, (Act One, scene seven).

1

# POINT I

## THE LANGUAGE ON COVER OF COMPLAINT MUST BE STRIKEN

Rule 12(f) provides that "[t]he court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter."  In order to prevail on a Rule 12(f) motion to strike, the defendant must show that no evidence in support of the allegation would be admissible, that the language or words sought to be stricken have no bearing on the subject matter of the litigation, and that its inclusion will prejudice the movant.  Metrokane, Inc. v. The Wine Enthusiast, 160 F. Supp. 2d 633, 641-42 (S.D.N.Y. 2001); M'Baye v. World Boxing Assoc., 2007 WL 844552 (S.D.N.Y. 2007).

"'Immaterial matter' is that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues." In re Methyl Tertiary Butyl Ether Products Liability Litigation, 402 F. Supp. 2d 434, 437 (S.D.N.Y. 2005) (citations omitted).  *See* 5 Wright & Miller, Federal Practice and Procedure §1382 at 706-07 (1998).  "Scandalous material," as referred to in Rule 12(f), relates to any allegation that unnecessarily reflects cruelly on the defendant's character, uses repulsive language or detracts from the dignity of the court.  Seoud v. E.F. Hutton & Co., 720 F. Supp. 671, 686 (N.D. Ill. 1989); *see* In re 2TheMart.com, Inc. Securities Litigation, 114 F. Supp. 2d 955, 965 (D.C. Cal. 2000).  Where material contained in the complaint "serves no purpose except to inflame the reader," such language should be stricken.  Morse v. Weingarten, 777 F. Supp. 312 (S.D.N.Y. 1991).  Superfluous descriptions, which are not substantive elements of a cause of action, should also be stricken.  Alvarado-Morales v. Digital Equipment Corp., 843 F.2d 613, 618 (1st Cir. 1988).

Application of the foregoing principles supports striking the following quotation from the cover page of plaintiff's complaint:

> And when the last law was down, and the Devil turned round on you—where would you hide, Roper, the laws all being flat? This country's planted thick with laws from coast to coast—man's laws, not God's—and if you cut them down—and you're just the man to do it—d'you really think you could stand upright in the winds that would blow then?
>
> *A Man for All Seasons*, (Act One, scene seven).

The foregoing Shakespeare quote is not an allegation and, therefore, is violative of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) provides that a complaint "shall contain… a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2). Rule 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e)(1). The purpose of Rule 8 is to give the defendant fair notice of the claims asserted against him so that he may file a responsive pleading. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). The quotation contained on the cover of the complaint is not an averment, nor is it an allegation capable of being responded to by defendants in their answer. There is no evidence which could be submitted by either party to prove or disprove the words contained in the quotation.

The instant litigation is neither a work of fiction nor a docudrama. The inclusion by plaintiff herein of such a "preface" to his complaint, presumably in order to "set the stage" or "scene," detracts from the dignity of this Court, as does the quotation itself. Presumably, plaintiff wants defendants and the jury to view his action with respect and seriousness. The inclusion of a Shakespeare quotation as a preface to his complaint, the sole purpose of which is to incite or inflame the reader, should not be permitted. The language of the Shakespeare quotation is immaterial and impertinent, and adds nothing of substance to the complaint, as it has no bearing

3

whatsoever on any of the legal issues presented. As such, the first page of plaintiff's complaint should be stricken. Plaintiff should be directed to file a bare, straightforward cover page to the complaint, containing only a caption, assigned civil docket number and assigned judge's initials. The present cover page should be stricken and removed from all court records.

## **CONCLUSION**

Based upon the foregoing, defendants respectfully submit that plaintiff's language on the cover page of plaintiff's complaint must be stricken, pursuant to Federal Rules of Civil Procedure Rule 12(f).

Dated: Hauppauge, New York
       April 6, 2010

                                      Respectfully submitted,

                                      CHRISTINE MALAFI
                                      Suffolk County Attorney
                                      Attorney for Defendants
                                          COUNTY OF SUFFOLK, K. JAMES
                                          McCREADY, NORMAN REIN,
                                          CHARLES KOSCIUK, ROBERT DOYLE,
                                          and JOHN MCELHONE
                                      100 Veterans Memorial Highway
                                      Hauppauge, New York 11788
                                      (631) 853-4049

                                      By: _____
                                          Susan A. Flynn (SAF 5652)
                                          Assistant County Attorney