# Exhibit C

Short Form Order

Indict. Nos.: 1535-88
1290-88

# SUPREME COURT-STATE OF NEW YORK

# CRIMINAL TERM, SUFFOLK COUNTY

P R E S E N T:

Hon. __ROBERT W. DOYLE__
Justice of the Supreme Court

MOTION DATE: 7-10-08
RELIEF:     DISMISS

———————————————X
THE PEOPLE OF THE STATE OF NEW YORK,

    -against-

MARTIN TANKLEFF,

          Defendant.
———————————————X

ANDREW M. CUOMO
Attorney General of the State of New York
By: Benjamin E. Rosenberg, Esq.
120 Broadway, 25th Floor
New York, New York 10271

DEFENDANT'S ATTYS:
BRUCE A. BARKET, ESQ.
666 Old Country Road, Suite 412
Garden City, New York 11530

On June 28, 1990, defendant was convicted of two counts of Murder in the Second Degree involving the brutal deaths of Seymour and Arlene Tankleff, the defendant's parents. At the time, he was sentenced to consecutive terms of imprisonment of 25 years to life. Although numerous challenges to those convictions were mounted over the ensuing years[1], none were successful until December, 2007, when the Appellate Division, Second Department concluded that sufficient evidence had been presented to warrant a new trial (*see*, People v. Tankleff, 49 A. D. 3d 160, 848 N.Y.S. 2d 286). Upon remittur of these indictments by the Appellate Division for a new trial, they were assigned to this Court.

Several motions relating to these indictments have been submitted. Defendant has moved for an order dismissing the counts of each of these indictments which charge defendant with

---

[1] Defendant directly appealed his judgments of conviction to the Appellate Division and, subsequently, the Court of Appeals both of which affirmed his conviction (199 A.D.2d 550; 84 N.Y. 2d 992). On February 7, 1996, he filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York. That Court denied defendant's petition (*Tankleff v. Senkowski*, 993 F.Supp 151) and that determination was, for purposes relevant herein, upheld by the Court of Appeals for the Second Circuit (135 F.3d 235).

causing death under circumstances evincing a depraved indifference to human life. The People [2] have moved for an order dismissing all counts of both of the indictments against this defendant pursuant to CPL § 210.40 in the interest of justice. [3] In response to the People's motion, defendant has cross moved for an order dismissing the indictment pursuant to CPL section 210.20 subd 1 (h) upon the ground that there is a legal impediment to the conviction of defendant for the offenses charged.

　　　The People move to dismiss the indictment in the interest of justice and argue that although there is "some evidence" that defendant committed the crimes for which he stands charged, there is insufficient evidence to prove beyond a reasonable doubt that he did so. The People point out that during the six month investigation of these murders, they reviewed thousands of pages of testimony, interviewed approximately seventy witnesses, including defendant, consulted experts in the fields of forensic pathology, DNA testing, crime scene analysis, tool marks, and false confessions and submitted materials for scientific analysis to the New York State Police Forensic Investigation Center and the Office of the Chief Medical Examiner of New York.

　　　In detailing the evidence of defendant's guilt, the People noted that defendant's parents were found dead or fatally wounded in their house in the early morning of September 7, 1988 with no signs of a break-in or of a robbery and with defendant, the only other person in the house, unharmed. The People further point out that defendant was the beneficiary of his parents' wills and had made references to friends in the days before the murders of the benefits he would enjoy if his parents were to die. Finally, the People point to vague but incriminatory statements made by defendant to a family member and direct confessions to fellow inmates in prison as well as the oral confession he gave to police, which he later disavowed.

　　　However, the People realistically acknowledge that the strength of the case against defendant would be diminished for several reasons. They assert that changes in the law would preclude prosecution of defendant on Indictment No.: 1290-88, for the murder of Arlene Tankleff,

---

[2] It should be noted that in January, 2008, at the request of Thomas J. Spota, District Attorney, Suffolk County, the Governor appointed the Attorney General's office as special prosecutor to investigate the murders of Seymour and Arlene Tankleff.

[3] Defendant was originally charged in one indictment (Indictment No.: 1290-88) with two counts of Murder in the Second Degree involving the death of his mother, Arlene Tankleff, along with one count each of Attempted Murder in the Second Degree and Assault in the First Degree, involving Seymour Tankleff, defendant's father. Upon the subsequent death of Seymour Tankleff from the injuries sustained in the attack, counts three and four of indictment 1290-88 were dismissed as superceded by two counts of Murder in the Second Degree under Indictment No.: 1535-88.

| Page 3 | People v. MARTIN TANKLEFF | Indict. Nos.: 1535-88 |
|---|---|---|
| | | 1290-88 |

---

and might limit evidence that might be probative as to the murder of Seymour Tankleff.[4] The People further note that changes in the law might prevent the prosecution from the use of defendant's oral confession, which was a central piece of evidence at defendant's first trial. The passage of time has resulted in the death of some of the original witnesses and dimmed the recollection of others. The People also acknowledge the lack of any biological or physical evidence strongly linking defendant to the crimes, even with the use of the most up-to-date technology as well as some "problematic" conduct on the part of one member of the original investigatory team. Finally, the People note that there exists evidence that people other than defendant may have committed these murders.

In support of his cross motion, defendant acknowledges that the People's motion "sets forth grounds sufficient for dismissal in the interest of justice..." (Defendant's Affirmation in Response to the People's Motion, p. 2). However, defendant asserts that dismissal of the indictments on the basis that there is a legal impediment is the more appropriate basis for dismissal.[5]

CPL § 210.40 governs motions to dismiss an indictment in the interest of justice. It provides that "(a)n indictment or any count thereof may be dismissed in furtherance of justice ... when, even though there may be no basis for dismissal as a matter of law upon any ground specified in paragraphs (a) through (h) of said subdivision one of § 210.20, such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice." The statute goes on to provide that (i)n determining whether such compelling factor, consideration, or circumstance exists, the court must, to the extent applicable, examine and consider, individually and collectively, the following:

---

[4] Under indictment No.: 1290-88, the jury found defendant not guilty of intentional murder of his mother (Penal Law § 125.25 subd 1), Arlene Tankleff, but found him guilty of depraved indifference murder (Penal Law § 125.25 subd 2). Recent decisions from the Court of Appeals (People v. Suarez, 6 N.Y. 3d 202, 811 N.Y.S.2d 267; People v. Payne, 3 N.Y. 3d 266, 786 N.Y.S.2d 116; People v. Gonzales, 1 NY.3d 464, 775 N.Y.S.2d 224) have held that charging a single defendant with both intentional murder and depraved indifference murder should "be rare" and therefore,
" where twin-count indictments are lodged, trial courts should presume 'that the defendant's conduct falls within only one category of murder and, unless compelling evidence is presented to the contrary, dismiss the count that is least appropriate to the facts'(citation omitted) " People v. Suarez, supra at p. 215).

[5] Although defendant contends that dismissal is more appropriate under subd 1 h on the basis that there is a legal impediment to prosecution, it has been held that dismissal under that subdivision is available "only when none of the other eight paragraphs sufficiently sets forth a specific defendant's ground for dismissal" (People v. Frisbie, 40 A.D.2d 334, 336, 339 N.Y.S.2d 985).

| Page 4 | People v. MARTIN TANKLEFF | Indict. Nos.: 1535-88 |
|---|---|---|
| | | 1290-88 |

(a) the seriousness and circumstances of the offense;

(b) the extent of harm caused by the offense;

(c) the evidence of guilt, whether admissible or inadmissible at trial;

(d) the history, character and condition of the defendant;

(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;

(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;

(g) the impact of a dismissal upon the confidence of the public in the criminal justice system;

(h) the impact of a dismissal on the safety or welfare of the community;

(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;

(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.

In reaching a determination as to the dismissal of these indictments in the interest of justice, the Court has carefully examined the arguments set forth by the People in support of the motion. The Court is also mindful that defendant has acknowledged in the papers submitted by him in response to this motion by the People that there are sufficient grounds to support such a dismissal on this basis. It should also be noted that during the last conference before the Court, when the People announced their intention to move to dismiss the indictments in the interest of justice and submitted their motion papers, the defendant joined in that application and asked that the Court summarily grant the People's motion in open court. For those reasons and the reasons set forth hereinbelow, the motion the dismiss the indictments in the interest of justice is granted.

In granting the People's motion, the Court has considered each of the factors set forth in CPL section 210.40 subd 1. The Court is certainly well aware of both the seriousness and circumstances of the offenses and the extent of harm caused by those offenses ( subds 1 (a) and (b)). Two lives have been lost and the seriousness of these crimes and the losses to both the victims and their families can never be diminished. The Court is also aware, however, that there is some question as to whether the quantity and quality of evidence would be sufficient to establish defendant's guilt beyond a reasonable doubt given the passage of time and changes in the law (subd 1(c)). The People also set forth that defendant had no criminal history prior to the date of these offenses and that he had no criminal or serious violations or infractions while in custody on this case (subd 1 (d)). However, the People do acknowledge that the behavior of one of the detectives on the case "was problematic" and "would make the case harder for the People to try" (subd 1 (e)). While the statute requires the Court to consider the purpose and effect of imposing a

| Page 5 | People v. MARTIN TANKLEFF | Indict. Nos.: 1535-88 |
|---|---|---|
| | | 1290-88 |

conviction, defendant had served almost 17 years in prison. This time would undoubtedly be credited against any sentence by this Court were defendant to be convicted after a re-trial.

The Court has also considered the impact of a dismissal on the public confidence in the criminal justice system (subd 1 (g)). Under these circumstances, there should be no negative impact on public confidence. Shortly after the Appellate Division granted defendant's motion for a new trial, the District Attorney of Suffolk County had announced his intention not to reprosecute defendant on these charges but, nevertheless, requested for the appointment of a special prosecutor. Pursuant to its appointment by the Governor, the Attorney General's office, after a thorough and independent investigation, also determined that there should not be a reprosecution of defendant. In view of the fact that two law enforcement agencies have independently determined that there should not be a reprosecution of defendant, the Court is convinced that public confidence in the criminal justice system will not be adversely effected by this dismissal.

The Court has also considered that there will be no discernible impact on the community's safety or welfare with this dismissal (subd 1 (h)). From all indications and evidence, defendant does not appear to be a threat to any member of the community. Finally, since the victims of these crimes are both deceased, the dismissal of these charges can have no impact on them ( subd 1 (i)).

For all of these reasons, the motion by the People for dismissal of these two indictments in the interest of justice is granted. The indictments are dismissed.

As to the remaining two motions by defendant, each of which also seek dismissal of these indictments, or portions thereof, but on different grounds, they are denied as moot.

Dated: JULY 22, 2008

_____
J.S.C.