```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARTIN TANKLEFF,

                Plaintiff,              MEMORANDUM & ORDER
                                        09-CV-1207(JS)(WDW)
        -against-

THE COUNTY OF SUFFOLK, K. JAMES
MCCREADY, NORMAN REIN, CHARLES
KOSCIUK, ROBERT DOYLE,
JOHN MCELHONE, JOHN DOE POLICE
OFFICERS #1-10, and RICHARD ROE
SUFFOLK COUNTY EMPLOYEES #1-10,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:     Barry C. Scheck, Esq.
                   Deborah L. Cornwall, Esq.
                   Emma Kate Freudenberger, Esq.
                   Neufeld Scheck & Brustin, LLP
                   99 Hudson Street, 8th Floor
                   New York, NY 10013

                   Bruce A. Barket, Esq.
                   Quadrino Schwartz
                   666 Old Country Road, Ninth Floor
                   Garden City, NY 11530

                   Barry J Pollack, Esq.
                   Miller & Chevalier Chartered
                   655 Fifteenth St, NW, Suite 900
                   Washington, DC 20005

For Defendants:    Richard T. Dunne, Esq.
                   Susan A. Flynn, Esq.
                   Suffolk County Department of Law
                   H. Lee Dennison Building
                   100 Veterans Memorial Highway
                   Hauppauge, NY 11788
```

SEYBERT, District Judge:

        Pending   before   the   Court   is   Defendants'   motion

pursuant to Federal Rule of Civil Procedure 12(f) to strike the <u>A Man for All Seasons</u> quotation from the cover page of the Complaint. Defendants request an Order that Plaintiff file a plain cover page containing only a caption and a docket number, and that the present cover page be stricken from all court records. (Defts. Br. at 4.)

Motions to strike are disfavored. <u>See</u> <u>Illiano v. Mineola Union Free School Dist.</u>, 585 F. Supp. 2d 341, 357 (E.D.N.Y. 2008). To prevail, a movant typically must show that the challenged material is irrelevant to the case and that the movant will be prejudiced if the material is allowed to stand. <u>Id.</u> Defendants' delay in filing their motion to strike until a year after they were served with the Complaint suggests that they will not be prejudiced to a degree that would warrant such drastic relief. <u>See</u> <u>Bishop v. Toys "R" Us-NY, LLC</u>, No. 04-CV-9403, 2009 WL 440434, at *3 (S.D.N.Y. Feb. 19, 2009) ("[S]triking portions of a pleading is a drastic remedy disfavored by the courts, and is sparingly granted."). Accordingly, Defendants' motion to strike (Docket Entry 39) is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January 21, 2011
       Central Islip, New York