

Neufeld Scheck & Brustin, LLP

Emma Freudenberger  emma@nsbcivilrights.com
Tel: [212] 965-9081  99 Hudson Street, 8th Floor
Fax: [212] 965-9084  New York, New York 10013
nsbcivilrights.com

March 3, 2014

**Via ECF**
Hon. William D. Wall, U.S.M.J., E.D.N.Y.
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722-4438

      Re:    **Tankleff v. County of Suffolk, et al.**, No. 09 Civ. 1207 (JS)(WDW)

Dear Judge Wall:

I represent plaintiff Martin Tankleff in the above-captioned action. Pursuant to Federal Rules of Civil Procedure 37(a)(3)(A) and your Individual Rule 3(A)(I), I write to request an order compelling two categories of outstanding discovery: (1) production for inspection and copying of each of the insurance policies issued to the County of Suffolk for the calendar years of 1988 through 2007, as provided for by Rule 26(a)(1)(A)(iv), as well as all correspondence between any excess insurance carriers and the County of Suffolk concerning coverage available to the County for the claims asserted by Plaintiff in this case; and (2) production for inspection of the slides of brain tissue from Arlene Tankleff's autopsy.[1]

    **I.**    **Background & Statement of Good Faith Efforts**

    *Insurance Policies.* Defendants' Rule 26 Disclosures, which were made on September 11, 2009, stated "The County of Suffolk is self-insured up to $3,000,000.00 and has excess coverage in the aggregate sum of $40,000,000.00." Exhibit A. Defendants' disclosures did not, however, include copies of Defendants' insurance agreements. *See id.* Plaintiff requested to inspect and copy Defendants' insurance policies, which Rule 26(A)(1)(a)(iv) required be disclosed, in Plaintiff's First Request for Production, Request No. 24, on July 2, 2009. Exhibit B. Defendants' response, dated December 3, 2009, stated that the County was self-insured, and objected to production of excess carriers as irrelevant. Exhibit C at 15.

I have, in good faith, met and conferred with counsel for the Defendants, Brian Mitchell, regarding Plaintiff's request for insurance agreements. *See* Exhibit D (Letter from Freudenberger to Mitchell, dated Jan. 10, 2014). Mr. Mitchell has stated that the County of Suffolk maintains its position that it will not produce the requested policies, as Defendants believe this information is irrelevant to this litigation. *See* Exhibit E (Letter from Mitchell to Freudenberger, dated Jan. 23, 2014) at 3.

    *Autopsy Slides.* Similarly, Plaintiff has repeatedly requested via telephone and electronic mail that Suffolk County permit Plaintiff's expert Dr. Michael Baden access to inspect any slides

---

[1] Plaintiff also respectfully reserves the right to move to compel production for inspection and testing of certain items of physical evidence, which the County has objected to producing, *see* Exhibit E, at a later date. Plaintiff is in the process of determining whether any less costly alternatives are available before seeking such an order.

created during Arlene Tankleff's autopsy, specifically including any brain tissue slides. In Mr. Mitchell's January 23, 2014 letter, Mr. Mitchell has again represented that Defendants object to any such examination. *See* Exhibit E at 2.[2]

Consequently, Plaintiff now respectfully moves for an order to compel production for inspection and copying of the specified insurance agreements and related correspondence, and for inspection of any autopsy slides.

## II.     Rule 26(a)(1)(A) requires disclosure of the County of Suffolk's insurance policies.

The Federal Rules of Civil Procedure are clear: Suffolk County must disclose its insurance policies for the period of 1988 to 2007—the relevant period for this litigation.

Under Federal Rule of Civil Procedure 26(a)(1)(A)(iv), "a party *must*, without awaiting a discovery request, provide to the other parties: . . . for inspection and copying as under Rule 34, *any* insurance agreement under which an insurance business *may* be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv) (emphasis added). As the Advisory Committee's Notes to the 1970 Amendments of Rule 26 make clear: "Disclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." Guided by these policy considerations, therefore, "the rule is absolute . . . and does not require any showing of relevance." *Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc.*, 270 F.R.D. 141, 142 (E.D.N.Y. 2010) (internal citation omitted).

The law makes no distinction between types of insurance agreements, but requires disclosure of "any insurance agreement under which an insurance business may be liable." Fed. R. Civ. Pro. 26(a)(1)(A)(iv). *See, e.g., Suffolk Fed. Credit Union*, 270 F.R.D. at 142 ("As a number of courts have held, reinsurance agreements fit within the plain language of [Rule 26] when the primary insurer is named as a party.") (citing *Imperial Trading Co., Inc. v. Travelers Property Cas. Co.*, No. 06–4262, 2009 WL 1247122, at *2, 2009 U.S. Dist. LEXIS 41372, at *6 (E.D.La. May 5, 2009) (collecting cases); *United States Fire Ins. Co. v. Bunge N. Am., Inc.*, 244 F.R.D. 638, 642 (D.Kan.2007); and *National Union Fire Ins. Co. v. Continental Illinois Corp.*, 116 F.R.D. 78, 84 (N.D.Ill.1987)). Consequently, the request for the County of Suffolk's excess insurance coverage falls squarely within Rule 26's absolute requirement for disclosure. Defendants have objected to producing the policies for inspection because the policies Plaintiff seeks were not in effect at the time of Mr. Tankleff's wrongful conviction, thus Defendants believe they are irrelevant. But the Rule requires disclosure of policies under which an insurance business *may* be liable, and Plaintiff seeks the policies in order to ascertain whether there are provisions that would render them applicable to this litigation. Plaintiff is entitled under Rule 26 to review the policies themselves rather than rely on the County's representations.

---

[2] Mr. Mitchell's letter suggests that Plaintiff seeks to *test* these slides; however, as Plaintiff repeatedly has explained, we seek access for inspection only.

### III. Rule 34 specifically permits Plaintiff to inspect the slides from Mrs. Tankleff's autopsy.

Under Federal Rule of Civil Procedure 37, a party seeking discovery may move for an order compelling production for inspection if a party fails to permit such inspection. Fed. R. Civ. P. 37(a)(3)(B)(iv). The Federal Rules specifically define the scope of this inspection to include tangible things. Fed. R. Civ. P. 34(a)(1)(B) ("A party may serve on any other party a request within the scope of Rule 26(b): to produce and permit the requesting party or its representative to inspect . . . any designated tangible things."). When the responding party fails to permit such inspection, the Court should compel production as long as the requested production "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). This standard is a liberal one, "enabling parties to obtain the factual information needed to prepare for trial." *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230, 236 (2d Cir. 1985).

Dr. Baden, an expert in forensic pathology, routinely relies on examination of slides created at autopsy to determine cause and manner of death. As blunt impact head trauma was a contributing cause of Arlene Tankleff's death and as one or more of those blows may have rendered Ms. Tankleff unconscious, Dr. Baden's inspection of any slides of brain tissue is integral to his formation of an opinion on Ms. Tankleff's manner of death. Consequently, the inspection requested here is more than "reasonably calculated to lead to the discovery of admissible evidence" as Rule 26 requires. Furthermore, Defendants can offer no legitimate objection to this inspection. Dr. Baden's access to these materials is neither precluded by privilege nor unduly burdensome or expensive. Defendants concern about the integrity of the evidence is misplaced: Plaintiff seeks access for inspection only, and intends to perform no "tests." And as Plaintiff has repeatedly stated, Plaintiff and his representative are more than willing to work with Suffolk County to coordinate schedules and make this inspection as unobtrusive as possible.

### IV. Conclusion

In light of the foregoing, Plaintiff respectfully requests an order to compel production for inspection and copying of the County of Suffolk's insurance policies for the calendar years of 1988 through 2007, as well as any correspondence between the County and its insurers concerning coverage available to the County for the claims asserted by Plaintiff in this case, and for inspection of any slides created during Arlene Tankleff's autopsy.

Respectfully Submitted,

Emma Freudenberger
*Counsel to Mr. Tankleff*

cc:
    Brian Mitchell
    Suffolk County Attorney's Office
    P.O. Box 6100
    100 Veterans Memorial H'way
    H. Lee Denison Building, 5th Floor
    Hauppauge, NY 11788
    Email: Brian.Mitchell@suffolkcountyny.gov

    Bruce Barket, Esq.
    Barket, Marion, Epstein & Kearon LLP
    666 Old Country Road, Suite 700
    Garden City, NY, 11530
    E-mail: BAB@barketmarion.com

    Barry Pollack, Esq.
    Miller & Chevalier Chartered
    655 Fifteenth St, NW, Suite 900
    Washington, DC 20005
    E-mail: BPollack@milchev.com