UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MARTIN TANKLEFF,

                           Plaintiff,                   **ORDER**
                                                 CV 09-1207  (JS) (WDW)

           -against-

THE COUNTY OF SUFFOLK, et al.,

                           Defendants.
---------------------------------------------------------X
**WALL, Magistrate Judge:**

       Before the court are plaintiff Martin Tankleff's motions to compel two non-party witnesses to answer questions posed during their depositions.  One motion seeks to compel testimony from Jerry Steuerman, *see* Docket Entry ("DE") [129], and the second motion addresses the testimony of Todd Steuerman, Jerry's son.  *See* DE [130].   The witnesses have submitted opposition to the motions.

       Familiarity with the background of this case is assumed.  Plaintiff was convicted of murdering his parents in 1988 and served seventeen years in prison before being released.  He commenced this case alleging, *inter alia,* that defendants violated his civil rights by failing to follow other leads as to the real murderer and by coercing a confession from plaintiff.  According to plaintiff, his "convictions were overturned based on a wealth of new evidence implicating [Jerry] Steuerman, who was his father's business partner, in the murders."  Mem. of Law at 1, DE [129-1].   Plaintiff also states that Todd Steuerman was selling drugs at the time of the murders and "used the services of a career criminal, Joseph Creedon, to collect drug debts for him" and that "Jerry Steuerman hired Creedon and others to kill Martin Tankleff's parents."  Mem. of Law at 2, DE [130-1].

In light of these statements, even plaintiff found it "not surprising" that Jerry Steuerman would invoke his Fifth Amendment right during his deposition.  Plaintiff argues, however, that Mr. Steuerman's complete refusal to answer the bulk of the questions posed to him constitutes an impermissible blanket assertion of the Fifth Amendment.  Todd Steuerman similarly asserted the Fifth Amendment in declining to answer all but one question at his deposition.  By plaintiff's count, Jerry Steuerman invoked the privilege 146 times in a row, while Todd Steuerman invoked 124 times.  Plaintiff now moves to compel these witnesses to respond to the questions.

## DISCUSSION

**Legal Standards**

The Fifth Amendment privilege against self-incrimination proves that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself."  U.S. Const., amend. V.  Assertion of the privilege is not limited to criminal proceedings, but rather applies to testimony "in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory . . . [which the] witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might so be used."  *Kastigar v. United States,* 406 U.S. 441, 444-45 (1972) (footnotes omitted).   A witness in a civil action cannot be compelled "to answer deposition questions over a valid assertion of his Fifth Amendment rights."  *Andover Data Servs. v. Statistical Tabulating Corp.,* 876 F.2d 1080, 1082 (2d Cir. 1989) (citing *Pillsbury Co. v. Conboy,* 459 U.S. 248, 256-57 (1983)).

The person asserting the Fifth Amendment privilege bears the burden of establishing his entitlement to it.  *See Textron Fin. Corp. v. Eddy's Trailer Sales, Inc.,* 2010 WL 1270182, at *4 (E.D.N.Y. Mar. 31, 2010) (citation omitted); *Krape v. PDK Labs, Inc.,* 2004 WL 831137, at *3

(E.D.N.Y. Apr. 19, 2004) (citations omitted).  He must "demonstrate a 'reasonable possibility that his own testimony will incriminate him, [but need] not establish it by a preponderance of the evidence.'" *Krape,* 2004 WL 831137, at *3 (quoting *Estate of Fisher v. Comm'r,* 905 F.2d 645, 650 (2d Cir. 1990)).  The privilege extends not only to "answers that would in themselves support a conviction," but also to answers that "would furnish a link in the chain of evidence needed to prosecute the claimant." *Hoffman v. Untied States,* 341 U.S. 479, 486 (1951).  The privilege may not, however, be invoked indiscriminately, but rather only "when the individual has reasonable cause to apprehend that answering the question will provide the government with evidence to fuel a criminal prosecution."  *OSRecovery, Inc. v. One Groupe Int'l, Inc.,* 262 F. Supp. 2d 302, 306 (S.D.N.Y. 2003); *see also Hoffman,* 341 U.S. at 486 (invoking witness must have "reasonable cause to apprehend danger from a direct answer").  "The danger of self-incrimination must be real, not remote or speculative," *Estate of Fisher,* 905 F.2d at 649, however, "the witness need only show that there is a possibility, and not a likelihood, of prosecution." *Moll v. U.S. Life Title Ins. Co.,* 113 F.R.D. 625, 628 (S.D.N.Y. 1987).

When assessing the validity of a Fifth Amendment privilege claim, the court must determine "'from the implications of the question, in the setting in which it is asked,' whether 'a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result.'" *OSRecovery,* 262 F. Supp. 2d at 306 (quoting *Hoffman,* 341 U.S. at 486-87).  The court looks to the all of the circumstances of the case and is governed "as much by . . . personal perception of the peculiarities of the case as by the facts actually in evidence." *Hoffman,* 341 U.S. at 486 (citation omitted).  "If the incriminatory nature of the question posed is not readily apparent, the Second Circuit has held

that 'the witness then must endeavor to explain how his answer will be incriminatory.'" *Levitt v. Brooks,* 2013 WL 1346257, at *3 (E.D.N.Y. Mar. 29, 2013) (quoting *United States v. Edgerton,* 734 F.2d 913, 919 (2d Cir. 1984)). Although this may force a witness "to come dangerously close to doing that which he is trying to avoid," it is a burden "properly borne by the witness." *Edgerton,* 734 F.2d at 919 (citing *United States v. Rylander,* 460 U.S. 752, 759 (1983)). With these standards in mind, I turn to the motions currently before the court.

A.  Motion to Compel Jerry Steuerman's Testimony

Although plaintiff finds it "not surprising" that Jerry Steuerman invoked his Fifth Amendment privilege at the deposition, one of Tankleff's main contentions regarding the unavailability of the privilege can be summed up in one sentence – "Any possibility that anyone faces criminal prosecution in murders that took place 25 years ago and for which there is no pending criminal investigation is too remote and speculative to form the basis of a proper invocation of the Fifth Amendment." Pl. Mem. of Law at 3-4 [129-1]. Plaintiff on one hand is suggesting that Jerry Steuerman is in possession of evidence that would establish his guilt in the vicious murders of two people, and on the other hand is arguing that the risk of prosecution, should that evidence be discovered, is "wholly speculative." I find this argument to be disingenous, at best. Regardless of the passage of time since the murders, crimes for which there are no statutes of limitations, it is nonsensical to suggest that the State would not prosecute Jerry Steuerman, or indeed anyone else, if incriminatory evidence came to light.

Common sense aside, case law also supports rejection of this argument. In assessing an assertion of privilege, the court need not look to a prosecutor's motives or intentions, but rather must focus on the answer and whether it would "furnish a link in the chain of evidence needed to

4

prosecute." *Hoffman,* 341 U.S. at 486.  The Supreme Court has further advised that "once the court determines that the answers requested would tend to incriminate the witness, it should not attempt to speculate whether the witness will in fact be prosecuted." *Edgerton,* 734 F.2d at 921 (quotation and citation omitted).  In addition, there has been no grant of immunity nor running of the applicable statute of limitations that would render invocation of the privilege unnecessary. As the risk of prosecution for the murders of Arlene and Seymour Tankleff remains, Jerry Steuerman is entitled to invoke his Fifth Amendment privilege to avoid self-incrimination.

Plaintiff also argues that many of the questions were not connected in any way with the murders and thus should be answered.  At the beginning of Jerry Steuerman's deposition, his attorney stated that his client intended to invoke his Fifth Amendment rights and would only answer questions "based on his name and address."  J.Steuerman Tr. at 7.  He answered one additional question regarding the names and ages of his children, then asserted the privilege to every subsequent question.  Plaintiff claims that Jerry Steuerman's persistent assertion of his Fifth Amendment privilege was indiscriminate and thus was an impermissible blanket assertion of privilege.  Plaintiff states that his convictions were overturned "based on a wealth of new evidence" implicating Jerry Steuerman in the murders."  Pl. Mem. of Law at 1 [129-1].   In his opposition papers, counsel for Jerry Steuerman notes that this "wealth of new evidence" in Tankleff's possession is not known to Steuerman, and thus even innocuous questions could be calculated to elicit inculpatory statements.

Plaintiff has provided a few "examples" of questions that he claims would not elicit incriminatory statements.  Of those questions, I agree that the questions regarding the current residences of his children, his own place of residence on September 6, 1998, and whether he

owns or rents a home, should be answered.  Jerry Steuerman's assertion of privilege is upheld as

to the rest of the questions asked during his deposition, including the remaining examples cited

by plaintiff.   Thus, plaintiff's motion is granted in part and denied in part.

      B.  Motion to Compel Todd Steuerman's Testimony

      Resolution of the motion regarding Todd Steuerman's deposition and the validity of his

assertions of a Fifth Amendment privilege is a closer call and cannot be completely resolved on

the current record.  This witness answered one question, his date of birth, before asserting the

privilege to all remaining questions.

      The first series of questions posed to Todd Steuerman related to various acts of criminal

conduct committed by him in the 1980s and 1990s.  The Supreme Court "has clearly stated that

the Fifth Amendment's privilege against self-incrimination does not apply after the relevant

limitations period has expired."  *Stogner v. California,* 539 U.S. 607, 620 (2003) (citing *Brown v.

Walker,* 161 U.S. 591, 598 (1896)).  In addition, witnesses must answer questions that "would

not incriminate them, including . . . matters of public record."  *Moll,* 113 F.R.D. at 629.  Todd

Steuerman declined to answer numerous questions regarding his prior arrests and convictions

relating to drug activities and other criminal conduct in the 1980s and 1990s.  Criminal

prosecutions relating to those activities are either completed or time barred.  Accordingly, he may

not invoke the Fifth Amendment to avoid this line of questioning.

      As to the remaining questions, his counsel argues that the questions imply that Todd,

"through his father, had some link to the murders of played a role in the murders."  Opp. Mem. at

3, DE [130-8].   It is not readily apparent from the transcript, however, what Todd Steuerman

perceived to be the danger as he invoked the privilege.  In addition, despite his representation that

there is no statute of limitations on conspiracy to commit murder, *see* Opp. Mem. at 3, DE [130-8], it appears that conspiracy to commit a class A felony constitutes conspiracy in the second degree, a class B felony subject to a five year statute of limitations.  *See* N.Y. Penal Law §105.15; N.Y. CPL §30.10 (2)(b).

"The Supreme Court has noted that 'it is the duty of a court to determine the legitimacy of a witness's reliance upon the Fifth Amendment.  A witness may not employ the privilege to avoid giving testimony that he simply would prefer not to give.'" *United States v. Basciano,* 430 F. Supp. 2d 87, 93 (E.D.N.Y. 2006) (quoting *Roberts v. United States,* 445 U.S. 552, 560 n.7 (1980)).  In situations where "the danger is not readily apparent, 'the witness then must endeavor to explain how his answer will be incriminatory.'" *OSRecovery, Inc.,* 262 F. Supp. 2d at n.19 (quoting *Edgerton*, 734 F.2d at 919).  The court should "undertake a particularized inquiry to determine whether the assertion was founded on a reasonable fear of prosecution as to each of the posed questions." *United States v. Zappola,* 646 F.2d 48, 53 (2d Cir. 1981); *see also United States v. Rodriguez,* 706 F.2d 31, 37 (2d Cir. 1983) ("once a witness has claimed the privilege, the district court must determine whether that claim is valid in relation to the subject area about which inquiry is sought" (citation omitted)).  *In camera* review may be necessary for the witness to adequately articulate his position.  *OSRecovery, Inc.,* 262 F. Supp. 2d at n.19.

Plaintiff's motion to compel is granted to the extent that Todd Steuerman's deposition shall re-commence in my jury room so that the court may, if necessary, hear *in camera* argument from him to determine whether the assertions are founded on a reasonable fear of prosecution.

Counsel shall confer with one another regarding dates for this proceeding, and should contact my

chambers at (631) 712-5720 to confirm the court's availability.

Dated: Central Islip, New York                    **SO ORDERED:**
       March 31, 2014

                                                   s/ William D. Wall
                                                   WILLIAM D. WALL
                                                   United States Magistrate Judge

8