## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN TANKLEFF,<br><br>Plaintiff,<br><br>v.<br><br>THE COUNTY OF SUFFOLK, K. JAMES MCCREADY, NORMAN REIN, CHARLES KOSCIUK, ROBERT DOYLE, JOHN MCELHONE, JOHN DOE POLICE OFFICERS # 1-10, RICHARD ROE SUFFOLK COUNTY EMPLOYEES #1-10,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     No. CV 09-1207 (JS) (SIL) |

## PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND JURY DEMAND

On December 9, 2014, Plaintiff requested leave to file his First Amended Complaint to lay out an additional basis for his due process and fair trial claims under *Brady v. Maryland*, based on evidence adduced during discovery. Specifically, the proposed Amended Complaint alleges that Defendants Doyle, McCready, Rein, and Kosciuk had possession of a particular piece of material exculpatory and impeachment information received by them from the medical examiner, and that they withheld that information from the prosecutors. Defendants' response to Plaintiff's Motion for Leave to File His First Amended Complaint and Jury Demand manages to be both too late and too early. It is late because it missed the response deadline without an extension or excuse. It is early because, instead of focusing on the allegations as pleaded, it seeks to challenge the evidence in support of the Amended Complaint—which may only be done on summary judgment, due to be filed later this year. Defendants' Response serves only to confirm

that Plaintiff has satisfied the requirements of Rule 15—the only question in issue here—and should be permitted to file his First Amended Complaint.

I.    **Filed twelve days after the briefing deadline without permission or excuse, Defendants' opposition is untimely, and should be ignored.**

First, Defendants' opposition is too late. Plaintiff filed his motion to amend the pleadings on December 9, 2014. D.E. 145. Under Local Rule 6.1(b), Defendants' response was due on December 26, 2014. Defendants filed their opposition 12 days after the deadline, on January 7, 2015. D.E. 149. Defendants never sought an extension of time to respond, and provide no explanation or justification for the delay. *See* Individual Motion Practices of Judge Joanna Seybert at IV(B) ("**No changes in the briefing schedule may be made without permission from the Court.**"). The Court may ignore Defendants' response for that reason alone. *See, e.g., Lujan v. National Wildlife Federation*, 497 U.S. 871, 894–98 (1990) (holding district court did not abuse its discretion in refusing to consider affidavits that were submitted "untimely and in violation of [the court's briefing] Order"); *Trerotola v. Local 72 of the Int'l Bhd. of Teamsters*, 947 F. Supp. 654, 657 (S.D.N.Y. 1996) (refusing to consider a summary judgment response filed late).

II.   **Plaintiff's Amended Complaint satisfies the requirements of Rule 15.**

Second, if the Court were to reach the merits, Defendants fare no better. The only argument Defendants make in opposition to Plaintiff's motion is the assertion that the proposed amendment is futile. *See* D.E. 149-2 at 1–2. "Futility . . . is a minimal standard to overcome—perhaps the lowest bar." *F.T.C. v. Consumer Health Benefits Ass'n*, No. 10-CV-3551 ILG, 2011 WL 3652248, at *4 (E.D.N.Y. Aug. 18, 2011) (internal citation and quotation omitted).

Defendants correctly identify the legal standard for futility: a proposed amendment is only futile if it "fails to state a claim upon which relief can be granted." D.E. 149-2 at 1. Thus, at

2

this stage, the Court must assess Plaintiff's proposed amendment under the familiar motion-to-dismiss standard. The question, then, is whether the "proposed claim could . . . withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citing *Ricciuti v. N.Y.C. Transit Auth., 941* F.2d 119, 123 (2d Cir.1991)). The Court must "construe [P]laintiffs' complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiffs' favor." *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009) (citation omitted). Further, "the Court's focus must rest on the pleadings." *See Sorrell v. Inc. Vill. of Lynbrook*, No. 10 CV 49 DRH GRB, 2012 WL 1999642, at *4 (E.D.N.Y. June 4, 2012); *Dougherty*, 282 F.3d at 92 (reversing district court for improperly denying leave to amend as futile where proposed amendment stated a legally cognizable claim).

But although Defendants articulate the correct standard, their argument focuses solely on the factual support for the allegations. That is improper. *See Sorrell*, 2012 WL 1999642 at *4. "[A] district court errs when it considers affidavits and exhibits submitted by defendants, or relies on factual allegations contained in legal briefs or memoranda, in ruling on a 12(b)(6) motion to dismiss." *Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir. 2000) (internal quotations and citations omitted). At this stage and under this standard, regardless of the fact that fact discovery has closed, Plaintiff's motion for leave to amend under Rule 15 must be evaluated based on Plaintiff's factual allegations in the Amended Complaint. *See Sorrell*, 2012 WL 1999642 at *4–5 (addressing a motion for leave to amend the complaint where fact discovery had closed and explaining that the appropriate focus at the amendment stage is on the sufficiency of the claims *as pleaded*).[1]

---

[1] At this stage, Plaintiff moves to amend the Complaint, in light of the evidence adduced in discovery, precisely *because* Plaintiff believes that his *Brady* claim can and will survive summary judgment—set to be briefed later this

To the extent that Defendants claim that the allegations are "conclusory," they misuse the term.[2] Plaintiff alleges in specific detail that Dr. Adams told Defendant Rein that "there was no reasonable possibility that the watermelon knife could have been the murder weapon," (Amd. Cmplt ¶ 98); that Det. McCready, as lead investigator, "was informed by his fellow detectives of what Dr. Adams had found at the autopsy," (Amd. Cmplt. ¶ 99); and that although "Dr. Adams told the detectives the watermelon knife was excluded, . . . Dr. Adams' conclusion about the watermelon knife was never disclosed by Suffolk County law enforcement to the prosecutor or Marty's defense attorneys. Defendants Doyle, Rein, McCready, and Kosciuk hid this exculpatory evidence." (Amd. Cmplt. ¶ 101). "There is nothing conclusory about these accusations." *Redd v. New York Div. of Parole*, 678 F.3d 166, 179 (2d Cir. 2012). And at this stage, the Court must accept each of those allegations as true. *See Selevan*, 584 F.3d at 88.

Defendants' claim that the evidence was not suppressed, because it was allegedly available to defense counsel, suffers similar flaws. Plaintiff specifically alleges in his Amended Complaint that Dr. Adams' conclusion was never disclosed to the prosecutors or Marty's defense attorneys, and that Defendants hid that evidence. (*See, e.g.,* Amd. Compt. ¶ 101). Defendants do not dispute that a police officer's withholding of material exculpatory or impeachment evidence from the prosecution, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), supports a § 1983 fair trial claim. Nor could they. *See, e.g., Kogut v. County of Nassau*, No. 06-CV-6695 (JS)(WDW), 2012 WL 3704710, at *2 (E.D.N.Y. Aug. 27, 2012); *Blake v. Race*, 487 F. Supp. 2d

---

year. *See* D.E. 146, 147, and 152. Plaintiff looks forward to presenting the Court with the factual support for all of his allegations during summary judgment, which is the appropriate vehicle for both presenting and challenging questions about Plaintiff's evidence. *See Sorrell*, 2012 WL 1999642 at *4–5. However, procedurally, the first legal question to be addressed is whether Plaintiff can amend his Complaint to include this new legal theory. And, as to that question, it is clear that Plaintiff satisfies the standard for amendment.
[2] In the event that Defendants intended to argue that Plaintiff's allegations ultimately rest on circumstantial evidence, this argument is both inappropriate at this stage, as explained above, and legally unavailing. *O'Brien v. National Gypsum Co.*, 944 F.2d 69, 72 (2d Cir. 1991) ("[I]t is beyond any doubt that circumstantial evidence alone may suffice to prove adjudicative facts.").

4

187, 214–17 (E.D.N.Y. 2007); *Walker v. City of New York*, 974 F.2d 293, 298–99 (2d Cir. 1992) (recognizing officers' *Brady* obligation to provide exculpatory evidence to prosecutors). Instead, Defendants argue that Plaintiff has failed to submit evidence *proving* that Plaintiff's criminal defense counsel should not have ferreted out this buried exculpatory and impeachment evidence on his own. But at this stage, Plaintiff was not required to submit any evidence, and Defendants' bare assertions of fact about what the criminal defense lawyer knew or did—unsupported by any citations—must be ignored. *See Friedl*, 210 F.3d at 83–84.[3] In any event, as Plaintiff noted in his motion to amend, the prosecution represented in its opening statement that Dr. Adams would testify that the injuries suffered by Mr. Tankleff's parents were *not* inconsistent with the watermelon knife being the murder weapon—the exact opposite of what Plaintiff alleges Dr. Adams had told the Defendant detectives. The law is clear that a defense attorney is entitled to assume that the representations of government officials are made in good faith. *See United States v. Payne*, 63 F.3d 1200, 1209 (2d Cir. 1995) (holding evidence suppressed under *Brady*, although it was publicly available, because defense attorney had no reason to believe witness had previously provided an affidavit directly contradicting her sworn trial testimony); *see also Banks v. Dretke*, 540 U.S. 668, 698 (2004) ("It was not incumbent on Banks to prove [the prosecution's] representations false; rather, Banks was entitled to treat the prosecutor's submissions as truthful.").

---

[3] To the extent that Defendants attempt to analogize to the facts underlying Plaintiff's original *Brady* theory, which the District Court dismissed, the analogy is inapposite. There, while the prosecution had physical possession of the evidence, additional testing was required to reveal its exculpatory value. The Court found that such additional testing was equally available to criminal defense counsel, and therefore, was not suppressed *Brady* material. Plaintiff alleges here an entirely different scenario: The police defendants were actually in possession and aware of specific, undisclosed, material exculpatory and impeachment evidence. As police officers, they had a duty under *Brady* to disclose that information to the prosecutors. And they did not disclose that information; instead, they hid it. This is a textbook *Brady* violation. *See, e.g., Kyles v. Whitley*, 514 U.S. 419, 437–38 (1995) ("[R]esponsibility for failing to disclose known, favorable evidence rising to a material level of importance is inescapable.").

5

Plaintiff has ample factual support for each allegation in the Amended Complaint—as proved even by the portion of the deposition testimony Defendants cite in their motion. But at this stage, that is not the point. Defendants will have their opportunity to test the sufficiency of the *evidence* supporting each allegation in Plaintiff's Amended Complaint when this case reaches the summary judgment stage later this year. It is inefficient and unproductive to do so piecemeal. More importantly, Defendants have no legal basis to raise disputes about the evidence in response to a motion to amend the Complaint.

For the foregoing reasons, Plaintiff respectfully requests that his motion to amend the Complaint be granted.

Dated: January 13, 2015        Respectfully submitted,
New York, New York

        /s/  Emma Freudenberger
        Emma Freudenberger
        Anna Benvenutti Hoffmann
        Barry Scheck
        NEUFELD SCHECK & BRUSTIN, LLP
        99 Hudson Street, 8th Floor
        New York, New York 10013
        Telephone: (212) 965-9081
        Fax: (212) 965-9084
        Email: emma@nsbcivilrights.com

        BARKET, MARION, EPSTEIN & KEARON, LLP
        Bruce A. Barket
        Amy B. Marion
        666 Old Country Rd., Suite 700
        Garden City, NY 11530
        Telephone: (516) 745-1122

        MILLER & CHEVALIER, CHARTERED
        Barry J. Pollack
        Dawn Murphy-Johnson
        655 Fifteenth Street, NW, Suite 900
        Washington, D.C.  20005
        Telephone: (202) 626-5830

*Attorneys for Plaintiff Martin Tankleff*

## <u>CERTIFICATE OF SERVICE</u>

I, Emma Freudenberger, an attorney, hereby certify that a true and accurate copy of

*Plaintiff's Reply in Support of His Motion for Leave to File First Amended Complaint and Jury*

*Demand* has been served upon all counsel of record via the Court's ECF filing system on January

13, 2015.

<u>/s/  Emma Freudenberger</u>
Emma Freudenberger
*Attorneys for Plaintiff Martin Tankleff*