# COUNTY OF SUFFOLK



**STEVEN BELLONE**
SUFFOLK COUNTY EXECUTIVE

**DENNIS M. BROWN**
**COUNTY ATTORNEY**

**DEPARTMENT OF LAW**

September 14, 2015

Hon. Joanna Seybert
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722
Plainview, New York 11803

RE: Re: Tankleff v. The County of Suffolk, et al.
Docket No. CV 09-1207 (JS)(SIL)

Dear Judge Seybert:

Pursuant to your Honor's individual part rules, the Suffolk County Defendants submit this letter to request leave to make a motion pursuant to F.R.C.P. Rule 56 for summary judgment seeking dismissal the above referenced action.[1]

On March 24, 2009, plaintiff filed his original Summons and Complaint in the United States Courthouse for the Eastern District of New York. The complaint stated eleven claims, including a federal malicious prosecution against defendants Detectives James McCready and Norman Rein, a fabrication of evidence claim against McCready and Rein, a failure to investigate claim against McCready and Rein, a suppression of evidence/Brady claim against McCready and defendant Charles Kosciuk, a coercion and violation of right to counsel claim against McCready and Rein, a civil rights conspiracy claim against McCready, Rein, Detective Sergeant Robert Doyle and Detective Lieutenant John McElhone, a supervisory liability claim against Doyle and McElhone, a Monell claim against the County, a State false imprisonment claim against McCready, Rein, and Doyle, a State malicious prosecution claim against McCready, Rein and Doyle, and an intentional or negligent infliction of emotional distress against claim against McCready and Rein.

The defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12 (c) and on December 21, 2010 this honorable Court granted the motion in part and denied it in part. The Court dismissed the claims based on conspiracy, supervisory liability under § 1983, false imprisonment, suppression of exculpatory evidence/Brady, failure to investigate, and intentional or negligent infliction of emotional distress. The Court permitted the claims of malicious prosecution (§ 1983 and pendant State action); fabrication of evidence; coercion and violation of right to counsel; and the Monell claim against the County to proceed. In May of 2015, Magistrate Judge Anne Y. Shields granted the plaintiff's motion to amend the complaint to add a

---

[1] As per your Honor's individual part rules, copies of the defendants' Statement pursuant to Rule 56.1 and the plaintiff's Rule 56.1 Counterstatement (identified as "Response to Defendants' Statement of Material Facts Pursuant to Local Rule 56.1) are attached. Also attached is the plaintiff "Counterstatement of Material Facts Pursuant to Local Rule 56.1".

LOCATION
H. LEE DENNISON BLDG.
100 VETERANS MEMORIAL HIGHWAY ♦ 

MAILING ADDRESS
P.O. BOX 6100
HAUPPAUGE, NY 11788-0099 ♦ 

(631) 853-4049
TELECOPIER (631) 853-5169

new claim alleging a Brady violation relating to an alleged withholding of exculpatory evidence concerning the opinion of the medical examiner, Dr. Vernard Adams.

Discovery having been concluded, and the parties having exchanged Rule 56 statements, the County respectfully submits that sufficient grounds exist upon which to make a motion for summary judgment.

Malicious Prosecution claims

It is well settled that §1983 malicious prosecution claim alleging deprivation of 4th and 14th Amendment rights, as well as a malicious prosecution claim brought under New York State law, requires a showing: (1) that the defendant commenced a criminal proceeding against the plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding, and (4) that the defendant acted with actual malice. Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003); Rohman v. N.Y. City Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000). See Colon v. City of New York, 60 N.Y.2d 78, 82 (1983). The defendants' respectfully submit that the plaintiff's malicious prosecution claim fails because he cannot establish (1) a lack of probable cause, or (2) a termination of the proceedings in his favor.

The defendants respectfully submit that probable cause existed to arrest and commence the criminal proceeding against the plaintiff. In dismissing the plaintiff's original State false imprisonment claim, this Court recognized and marshalled a series of facts offered at the plaintiff's trial, which independent of the alleged "coerced" confession, established the existence of probable cause for his arrest. (See Docket Entry 66, Decision dated December 21, 2010 at pages 29-31)[2]. Further, the plaintiff later gave incriminating statements to the defendants, which only served to bolster and enhance the probable cause finding. Notwithstanding the plaintiff's claim that the inculpatory statements he made were not in response to opened ended questions, but rather merely "acquiescing" to suggestions made by the detectives, the plaintiff admits that when asked "did you kill your mother and did you hurt your father?" he responded "Yeah I did it." This single statement alone establishes probable cause for his arrest and prosecution.

Probable cause was also established by the return of an indictment against the plaintiff, and he cannot overcome the presumption of probable cause afforded to such action. Defendants are aware that the presumption of probable cause can be rebutted by "evidence that the indictment was secured by fraud, perjury, the suppression of evidence or other bad faith police conduct." Boyd v. City of N.Y., 336 F.3d 72, 76 (2d Cir.2003). However, plaintiff alleges that the indictment was based upon defendant McCready giving untruthful testimony before the grand jury regarding the way in which his confession was taken; plaintiff cannot use this argument to support his § 1983 claim. Bonds v. City of New York, WL 2440542 (E.D.N.Y., 2014), citing Rehberg v. Paulk, —— U.S. ——, 132 S.Ct. 1497 (2012). In Rehberg, the Supreme Court held that grand jury witnesses are entitled to absolute immunity for § 1983 claims based on their testimony.

Additionally, plaintiff's criminal proceedings did not end in a favorable termination. As noted by this Court in the 12 (c) motion decision, plaintiff's conviction was set aside because of newly discovered evidence that pointed to potential other perpetrators, but did not necessarily establish actual innocence. The defendants respectfully submit, that discovery having been completed, the available evidence in the record does not sufficiently establish the plaintiff's actual innocence, and his claim is barred by Heck v. Humphrey, 512 U,S, 477 (1994). See also, DiBlasio v. City of New York, 102 F.3d 654 (2d Cir. 1996).

Coercion and violation of right to counsel

---

[2] The Court also noted that the plaintiff did not deny these facts.

Defendants are aware that no single criterion controls whether an accused's confession is voluntary: whether a confession was obtained by coercion is determined only after careful evaluation of the totality of the surrounding circumstances." United States v. Orlandez–Gamboa, 320 F.3d 328, 332 (2d Cir.2003). When conducting this analysis, factors to be considered are: (1) the characteristics of the accused, including the accused's experience, background, youth, and lack of education or intelligence; (2) the conditions of interrogation, including the place where the interrogation was held, the length of the detention, and the presence or absence of counsel; and (3) the conduct of law enforcement officials, including the repeated and prolonged nature of the questioning, failure to inform the accused of his constitutional rights, physical deprivations of food, water, or sleep, and psychologically coercive techniques such as brainwashing or promises of leniency or other benefits. Green v. Scully, 850 F.2d 894, 901–02 (2d Cir.1988). The defendants respectfully submit, that as a matter of law, based upon the available evidence in the record, plaintiff's statement was not coerced. This evidence was examined by several Courts both Federal and State and it was determined the statement was voluntary and not coerced. While the doctrine of collateral estoppel is not applicable due the vacature of the plaintiff's conviction, the reasoning and analysis of these Courts is beyond challenge. Plaintiff has put forth no new facts to suggest that his confession was coerced, in fact plaintiff's own expert stated he was unaware of any threats of harm made to the plaintiff or of any evidence that the detectives impliedly or actually threatened the plaintiff with any inevitable consequences to get him to admit to the crimes.

Newly alleged Brady Violation

The defendants' respectfully submit that, notwithstanding Judge Shields' permitting the amendment of the complaint to add a new Brady claim, that the available evidence reveals that factually, Dr. Adams' claim that he expressed to the detectives that "there was no reasonable possibility that the watermelon knife was the murder weapon" is simply not supported. Dr. Adams' deposition testimony is nothing more than speculation, and the defendants have rebutted his claims through the submission of sworn affidavits from the involved defendant detectives.

Further, the defendants submit that the evidence was not suppressed within the meaning of the Brady doctrine because the plaintiff's attorney either knew, or should have known, of the essential facts permitting him to take advantage of that exculpatory evidence." United States v. Paulino, 445 F.3d 211, 225 (2d Cir. 2006), *see also*, United States v. LeRoy, 687 F.2d 610, 618 (2d Cir. 1982).

Lastly, plaintiff's new Brady claim is barred by the Statute of Limitations. Plaintiff's claim accrued at the time he suffered the alleged constitutional violation, which would have been during his prosecution and trial in 1990. Even assuming his claim accrued on June 22, 2008 (the date his case was dismissed), he would have had to bring his claim by June 22, 2011, and plaintiff cannot argue delayed accrual. Pinaud v. County of Suffolk, 52 F.3d 1139, at 1157 (2d cir. 1995).

Fabrication of Evidence

The defendants acknowledge that a genuine issue of fact exists regarding the nature in which the plaintiff's inculpatory statements were taken. The basis for the plaintiff's fabrication of evidence claim is the alleged false testimony given by Detectives McCready and Rein at either the grand jury (McCready) or at hearings and trial (McCready and Rein) that the plaintiff confessed in a narrative fashion rather than, as the plaintiff claims, by acquiescing to leading suggestions made by the detectives. However, the defendants respectfully submit that the defendants are entitled to absolute immunity for the alleged fabrication as it was committed while testifying in the grand jury or in court. *See* Briscoe v. LaHue, 460 U.S. 325 (1983), Rehberg v. Paulk, —— U.S. ——, 132 S.Ct. 1497 (2012); Daloia v. Rose, 849 F.2d 74, 75–76 (2d Cir.1988).

Monell claim

Plaintiff's Monell claim must be dismissed as there are no underlying constitutional violations. To prevail on a claim against a municipal defendant, the plaintiff must as a prerequisite establish an underlying constitutional violation on the part of the individual municipal actors. Monell v. Depart. of Soc. Serv. of the City of New York, 436 U.S. 658 (1978); Collins v. City of Harker Heights, 503 U.S. 115 (1992); City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); Ricciuti v. N.Y.C. Transit Authority, 124 F.3d 123, 132 (2d Cir.1997).

Qualified Immunity

A police officer is entitled to qualified immunity where his conduct does not violate clearly established statutory or constitutional rights to which a reasonable person would have known, Caldarola v. Calabrese, 298 F.3d 156, or it was "objectively reasonable" for him to believe that his actions were lawful at the time of the challenged act. Martinez v. Simonetti, 202 F.3d 625, 633 (2d Cir. 2000). The defendants respectfully submit, it was not objectively unreasonable for the defendants to believe there was probable cause to prosecute the plaintiff based on the information known to them at the time of the arrest and prosecution, and that it was not unreasonable to believe that the plaintiff's admissions of guilt were genuine, especially when the plaintiff himself asserts that he "believed" he had committed the crime when he made those admissions.

Based on the above, the defendant County of Suffolk respectfully request permission to make a motion pursuant to F.R.C.P. Rule 56 for summary judgment seeking dismissing the complaint.

Respectfully submitted,

DENNIS M. BROWN
Suffolk County Attorney

BY: _____
Brian C. Mitchell
Assistant County Attorney

cc:
Emma Kate Freudenberger
Cochran, Neufeld & Scheck, LLP
99 Hudson Street
8th Floor
New York, NY 10013

Anna B. Hoffmann
Cochran, Neufeld & Scheck, LLP
99 Hudson Street
8th Floor
New York, NY 10013

Barry C. Scheck
Neufeld Scheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York, NY 10013

Barry J Pollack
Miller & Chevalier Chartered
655 Fifteenth St, NW Suite 900
Washington, DC 20005

Bruce A. Barket
Barket Marion Epstein & Kearon LLP
666 Old Country Road
Suite 700
Garden City, NY 11530