```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MARTIN TANKLEFF,

                        Plaintiff,

        -against-                              MEMORANDUM & ORDER
                                               09-CV-1207(JS)(AYS)
THE COUNTY OF SUFFOLK,
K. JAMES MCCREADY, NORMAN REIN,
CHARLES KOSCIUK, ROBERT DOYLE,
JOHN MCELHONE, JOHN DOE POLICE
OFFICERS #1-10, RICHARD ROE,
Suffolk County Employees #1-10,

                        Defendants.
----------------------------------------X
```
SEYBERT, District Judge:

Pending before the Court is Plaintiff Martin Tankleff's ("Plaintiff") unopposed motion seeking to substitute Theresa and Brett McCready into this action as legal successors of Defendant K. James McCready (Docket Entry 172) and Plaintiff's unopposed motion to amend his initial motion (Docket Entry 176). For the foregoing reasons, Plaintiff's motions are both GRANTED.

## BACKGROUND

Defendant K. James McCready passed away on December 28, 2015 and a suggestion of death was filed on the docket on January 14, 2016. (Docket Entry 167; see Pl.'s Br., Docket Entry 172, at 2.) On March 30, 2016, Plaintiff moved to substitute Theresa and Brett McCready into this action in their capacity as K. James McCready's legal successors pursuant to Federal Rule of Civil Procedure 25(a). (Pl.'s Br. at 1.) The Court deferred ruling on

Plaintiff's motion, but granted Plaintiff leave to depose Theresa and Brett McCready. (See April 8, 2016 Order, Docket Entry 175.)

The depositions of Theresa and Brett McCready revealed the following facts. K. James McCready died without a will on December 28, 2015. (Theresa McCready Dep. ("Theresa Dep."), Docket Entry 176-1, 7:13-15; Brett McCready Dep. ("Brett Dep."), Docket Entry 176-2, 7:9-11.) At the time of his death, K. James McCready lived in Little River, South Carolina and was married to Theresa McCready. (Theresa Dep. 6:9-13; Brett Dep. 6:9-11, 6:15-24.) Mr. McCready's only child is his son, Brett McCready. (Theresa Dep. 6:14-19; Brett Dep. 6:12-14.) In the time since Mr. McCready passed away, there has been no proceeding in probate court to establish a formal estate for Mr. McCready, or to probate any assets. (Theresa Dep. 7:16-21; Brett Dep. 8:12-14.) Moreover, neither Theresa McCready nor Brett McCready intends to institute such a proceeding, nor do they know of anyone else who intends to institute such a proceeding in the future. (Theresa Dep. 7:19-21; Brett Dep. 8:15-21.) Finally, neither Theresa McCready nor Brett McCready knows of any other person who may have a claim to Mr. McCready's assets that is superior to Theresa or Brett McCready's own claims. (Theresa Dep. 7:22-25; Brett Dep. 10:6-9.) Before his death, Mr. McCready transferred some of his assets--specifically, his truck and motorcycle--to his son Brett McCready (Theresa Dep. 10:2-8; Brett Dep. 10:22-11:7.) Mr. McCready's only

other asset was his house. (Theresa Dep. 14:7-17; Brett Dep. 8:22-9:7.) However, neither Theresa nor Brett McCready is aware of what happened to the house after Mr. McCready's death. (Theresa Dep. 14:7-17; Brett Dep. 9:21-10:1.)

Based upon these facts, Plaintiff moves to substitute Theresa and Brett McCready into this action in their capacity as K. James McCready's legal successor under Federal Rule of Civil Procedure 25(a)(1). (Pl's Br., at 1.)

### DISCUSSION

Federal Rule of Civil Procedure 25(a)(1) governs the substitution of a party in the event of a litigant's death. The rule provides:

> Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

FED. R. CIV. P. 25(a)(1). Rule 25(a)(1) allows a representative of a decedent to take her place so that litigation in which the decedent is a party can continue and conclude. "'The substitute is thus not litigating on his or her own behalf and need not have standing in his personal capacity, but rather stands in the shoes of the decedent.'" Allen ex rel. Allen v. Devine, No. 09-CV-0668,

2011 WL 5117619, at *2 (E.D.N.Y. Oct. 25, 2011) (quoting Roe v. City of N.Y., No. 00-CV-9062, 2003 WL 22715832, at *3 (S.D.N.Y. Nov. 19, 2003)).

Cases interpreting Rule 25(a)(1) have established that a person may qualify as a decedent's legal successor under Rule 25(a)(1) if she is: "(1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated, or (3) the primary beneficiary of an unprobated intestate estate which need not be probated." In re Baycol Products Litig., 616 F.3d 778, 784-85 (8th Cir. 2010) (internal citations omitted). Since Mr. McCready died without a will and no formal estate was established for him, this case falls into the third category. The case of Hardy v. Kaszycki & Sons Contractors, Inc., 842 F. Supp. 713, 716 (S.D.N.Y. 1993), which Plaintiff relies upon, is instructive. In Hardy, the court substituted a litigant's widow as the representative of her husband's estate even though she was not formally named as the estate's representative. Id. Relying on the fact that the amended Rule 25(a)(1) "sought to 'dispel unwarranted rigidity and allow more flexibility in substitution,'" the court reasoned that the widow was a proper party because her husband died intestate and she was the primary distributee. Id. (quoting McSurely v. McClellan, 753 F.2d 88, 98 (D.C. Cir. 1985)). The court further explained that "[a] contrary holding would result

4

in needless delay, prolonging a case that is already ten years old." Id. at 716, n.3.

Here, similar to the facts of Hardy, Mr. McCready died without a will and no formal intestate proceedings have been instituted to establish an estate. Moreover, it seems unlikely that a probate proceeding will be initiated in the future. Nevertheless, there is no dispute that Theresa and Brett McCready are Mr. McCready's only distributees under South Carolina law. See S.C. CODE ANN. §§ 62-2-102, 62-2- 103. Thus, Theresa and Brett McCready are proper parties who may be substituted as Mr. McCready's legal representatives under Rule 25(a)(1).

It is important to note, however, that Plaintiff does not seek money damages from Theresa and Brett McCready personally, nor did Plaintiff expect to recover money damages directly from Mr. McCready. (Pl.'s Br. at 4.) Because Mr. McCready was a Suffolk County Police Officer, Suffolk County was obligated to hold Mr. McCready harmless for any tortious acts he committed "in the performance of his duties and within the scope of his employment." N.Y. GEN. MUN. LAW § 50-j. For that reason, Suffolk County has agreed to indemnify Theresa and Brett McCready in their capacity as "legal successors" to Mr. McCready for any damages

5

they are legally obligated to pay in this litigation.[1] (May 2, 2016 Ltr., Docket Entry 177.)

CONCLUSION

For the foregoing reasons, Plaintiff's motion to substitute Theresa and Brett McCready as Defendants in this action in their capacity as the legal successors of Defendant K. James McCready (Docket Entry 172) is GRANTED and Plaintiff's motion to amend (Docket Entry 176) is similarly GRANTED. The Clerk of the Court is directed to amend the caption in this action so that Defendant K. James McCready is replaced with "Theresa and Brett McCready, as legal successors of K. James McCready."

In addition, the parties are directed to meet, confer, and enter into a stipulation containing a briefing schedule for Defendants' proposed motion for summary judgment. Provided the briefing schedule is reasonable, the Court will so order the stipulation.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June  2 , 2016
Central Islip, New York

---

[1] Suffolk County clarified its position in a letter to the Court, explaining that it "will indemnify [Theresa] McCready and Brett McCready, as legal successors to James McCready, to the same exten[t] that the County would be legally obligated to indemnify James McCready, except as to punitive damages." (May 2, 2016 Ltr., Docket Entry 177.)