# Exhibit 6

 

Judge's Chambers
County Court of Suffolk County
207 Hallock Road
Stony Brook, New York 11790



Exhibit

PlF 9

12/2/11     (A)

**STUART NAMM**
JUDGE

October 29, 1985

Honorable Mario Cuomo, Governor
State of New York
The State Capitol
Executive Chamber
Albany, New York   12224

Dear Governor Cuomo:

    With a deep and abiding concern for the integrity of the criminal justice system in the County of Suffolk, and with a sense of outrage at the apparent police and prosecutorial misconduct I have witnessed in the last several months, this letter is being written to request your appointment of a special prosecutor to investigate such misconduct, and the thinly veiled attempts to intimidate and harass me because I have spoken out both in the courtroom and in published and unpublished written opinions on these issues.

    These matters have come to a head in recent days, when on October 22, 1985, while I was presiding over a murder trial, and while the jury was in their first day of deliberations, shouts of derision were directed at me from the only open window in the Criminal Courts Building in Riverhead. I later determined that such window was in the office of the Assistant District Attorney - the Chief of the Trial Bureau, Barry Feldman - who prosecuted this case on behalf of the People of the State of New York. In addition to denying such outrageous conduct, he has steadfastly refused to name the persons who were in his office - whom I could see, but not identify. He has indicated, however, that he will identify them at an appropriate investigation of this matter. I have been advised, however, that members of the Homicide Squad of the Suffolk County Police Department had been in and out of his office throughout this trial.

    Obviously, I would not be requesting such action on your part if I did not believe that this incident was symptomatic of a course of conduct which strikes at the very heart and independence of the justice system in this county. In the past several months I have been accused of being politically motivated in conducting a hearing into prosecutorial misconduct in a murder trial where an alleged contract murderer of a prominent Suffolk County attorney was acquitted after a six week trial by jury - a trial over which I presided. Because of such misconduct, I was constrained to dismiss a second charge pending against that defendant at the conclusion of the murder trial. It was at that time that I learned that persons unknown had been making inquiry into my financial records at the Suffolk County Board of Elections. I personally verified this with the Deputy Commissioner of Elections, Gerald Berger, although he claims that he cannot recall who was making the inquiry, or the purpose of same.

    You should be advised that such records would only relate to the years: 1975, when I was first elected a District Court Judge; 1978, when I unsuccessfully ran for election as a Family Court Judge; 1981, when I was defeated for re-election

C-272/85 & Trans.                                                                                      13-21-6

SIC 680861-0169

Honorable Mario Cuomo
October 29, 1985
Page 2

as a District Court Judge; and 1982, when I was elected to a ten-year term as a County Court Judge with cross-endorsement, after receiving an interim appointment to fill a vacancy in that court by Governor Hugh Carey.

I can assure you that I have never been concerned with the search of my records, because they are a matter of public record. However, my concern has always been "why" anyone would do so at the same time that representatives of the District Attorney's office were erroneously stating to the news media that the Democratic candidate for District Attorney, Robert Gottlieb, had managed my campaign for County Court Judge. I had no campaign for County Court Judge in 1982, and, accordingly, had no campaign manager. Nor has Mr. Gottlieb ever been involved in any of my campaigns, such as they were. Nonetheless, an obvious attempt was being made to damage my reputation and credibility as a judge. Even now, as this letter is being written, I am being accused by some as being motivated by politics. If such were the case, I would not deserve to continue in this office.

The statements and charges which were previously being publicly uttered in the news media, both during and after the Corso trial, made it necessary for me to impose a "gag" order upon the District Attorney's office, defense counsel, and, ultimately, the Democratic candidate for District Attorney, to ensure that the defendant's right to a fair trial would not be jeopardized. I was constrained to do so, even though I believed that some of these remarks by Mr. Gottlieb were being made in an apparent attempt to defend my integrity and the integrity of the judicial system, although they were being interpreted as being politically motivated, and could have had an impact upon the defendant's constitutional rights.

In two consecutive highly publicized murder trials, I have witnessed, among other things, such apparent prosecutorial misconduct as perjury, subornation of perjury, intimidation of witnesses, spoliation of evidence, abuse of subpoena power and the aforesaid attempts to intimate a sitting judge.

As this letter was being drafted, the defendant, James Diaz, was acquitted of murder and rape. Members of the jury, as did the jury in the Peter Corso case, the previous murder trial, have publicly and openly criticized the Suffolk County Police Department, the manner in which they conducted their investigation, and the manner in which the case was prosecuted by the Suffolk County District Attorney's office.

In order to give you a better understanding of the festering problem in this county, I am taking the liberty of forwarding several newspaper clippings from NEWSDAY and THE NEW YORK TIMES concerning these matters, together with a copy of my published opinion in the Corso case, and a transcript of the colloquy in open court on October 23, 1985 - out of the presence of the jury and while they were sequestered - between the Assistant District Attorney and myself, concerning the events of the previous day. I am also enclosing a transcript of the proceedings on July 9, 1985 in the Corso trial wherein I was constrained to impose the aforesaid "gag" order upon the District Attorney and defense counsel. As you will note, subsequent to that date the order was likewise extended to the Democratic candidate for District Attorney, as an attorney and officer of the court. The first articles relate to a decision which I rendered in 1984 concerning the selection of jurors in Suffolk. As I reflect back upon what has transpired, I am convinced that the

SIC 680861-0170

pattern of resentment towards me became fixed at such time as a result of my findings. Moreover, it was in that case that I first perceived apparent perjury at the highest levels of the District Attorney's office in an effort to support the People's position in the hearing which I conducted.

On October 23, 1985, I personally spoke to the Commissioner of Police, DeWitt Treder, about the events of the previous day, and demanded that he commence an investigation, indicating that I would go to a higher authority if he did not take appropriate action. He promised to investigate and call me back in the morning of October 24. It was October 28 before he saw fit to respond. I have yet to be interviewed by even a uniformed officer of the Suffolk County Police Department, although if I were a private citizen charging harassment in a neighborhood dispute, a police report would long since have been made. I am now scheduled to meet with the Commissioner's Chief of Detectives on this date, but I have no intention of discussing anything other than the incident of October 22, since it is my firm belief that only through the intervention of your office can this entire unsavory business be finally rectified.

I do know, however, that an Internal Affairs investigation is being conducted into the police conduct in the Corso trial, since several weeks ago I was interviewed by two detectives from police headquarters. I have little hope, however, that any punitive action will be taken as a result of that investigation, or any internal investigation arising out of the most recent trial, despite the Commissioner's assurance of 100% cooperation.

Likewise, Justice Arthur Cromarty, the Administrative Justice of the Suffolk County Courts, has apparently indicated to the press that he intends to conduct an investigation into my charges of intimidation, prosecutorial misconduct and perjury. However, I do not know by what authority he can conduct such an investigation, and I certainly will not meet with Justice Cromarty or Justice Thomas Stark, the Administrative Justice of the Superior Criminal Courts in Suffolk County, unless such meeting is transcribed by an official court reporter. Moreover, Justice Cromarty has agreed that he lacks the authority to conduct such an investigation.

It would certainly be appropriate for you to inquire as to why the District Attorney has not been requested by me to convene a grand jury to investigate these charges. Ethical considerations notwithstanding, by his comments to the press, Patrick Henry has made it clear that he has a clear bias in favor of the members of his staff and the Suffolk County Police Department who may be the targets of such an investigation.

When you receive this letter, my wife and I will be on vacation in South America - a vacation which was planned many months ago. We will be returning to our home on November 17, 1985. Such vacation could not have come at a better time, because it is important that any investigation not be commenced until the election of 1985 is a part of Suffolk County history. Since none of my actions as a judge have been politically motivated, it is important that this investigation not be perceived as being motivated by politics. However, political considerations aside, I cannot over emphasize my concern that action must be taken by you, before the situation has gotten out of hand, to restore public confidence in the criminal

SIC 680861-0171

justice system in this county. The citizens of Suffolk County are deserving of nothing less than this by you, the one person who has the authority to ensure that an independent investigation is conducted into the activities of those persons who have abused the public trust which has been bestowed upon them.

I can assure you that you and your representative will have my utmost and complete cooperation in this endeavor. Thank you for your anticipated concern, cooperation and immediate attention to this matter.

Respectfully yours,


STUART NAMM
COUNTY JUDGE

SN:hjs

Enc.

cc: Honorable Sol Wachtler, Chief Judge of the Court of Appeals

SIC 680861-0172