UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

————————————————————————  )
                                                              )
**MARTIN TANKLEFF,**                            )
                                                              )
        **Plaintiff,**                                   )
                            **v.**                            )
                                                              )
**THE COUNTY OF SUFFOLK, THERESA**    )
**and BRETT MCCREADY, as legal**           )    **No. 09-CV-1207 (JS)(AYS)**
**successors of K. JAMES MCCREADY,**      )
**NORMAN REIN, CHARLES KOSCIUK,**      )
**ROBERT DOYLE, JOHN DOE POLICE**       )
**OFFICERS #1-10, RICHARD ROE, Suffolk**  )
**County Employees #1-10,**                   )
                                                              )
        **Defendants.**                               )
————————————————————————  )

## PROPOSED JOINT PRE-TRIAL ORDER

2.  **Trial Counsel:**

Plaintiff Martin Tankleff is represented by:

> Barry Scheck
> Emma Freudenberger
> Richard Sawyer
> Neufeld Scheck & Brustin, LLP
> 99 Hudson Street, 8th Floor
> New York, NY 10013
> bcsinnocence@gmail.com
> emma@nsbcivilrights.com
> rick@nsbcivilrights.com
> (o) (212) 965-9081
> (f) (212) 965-9084
>
> Barry J. Pollack
> Miller & Chevalier
> 655 Fifteenth Street, NW
> Suite 900

Washington, DC 20005
bpollack@milchev.com
(o) (202) 626-5830
(f) (202) 626-5801

Bruce A. Barket
Barket Marion Epstein & Kearon LLP
666 Old Country Road
Suite 700
Garden City, NY 11530
bbarket@barketmarion.com
(o) (516) 745-1500
(f) (516) 745-1245

Defendants are represented by:

Brian C. Mitchell (BCM-1469)
Deputy Bureau Chief Federal Torts
Suffolk County Attorney's Office
100 Veterans Memorial Hwy
Hauppauge, New York  11788
brian.mitchell@suffolkcountyny.gov
Office (631) 853-4055
Fax (631) 853-5833

**3.**   **Subject Matter Jurisdiction**:

This Court has federal question jurisdiction, under 28 U.S.C. § 1331, over claims arising under 42 U.S.C. § 1983. Title 28 U.S.C. § 1367(a) provides supplemental jurisdiction over plaintiff's state law claims.

**4.**   **Claims and Defenses remaining to be tried**:

**I.**   **Claims**

Plaintiff Martin Tankleff's Claims (First Amended Complaint, Case No. 2:09-CV-1207 (JS)(SIL), D.E.145-1:

- 42 U.S.C. § 1983 malicious prosecution (Count 1);
- 42 U.S.C. § 1983 fabrication of evidence (Count 2);
- 42 U.S.C. § 1983 suppression of favorable evidence (Count 3);
- 42 U.S.C. § 1983 coercion and violation of the right to counsel (Count 4);
- 42 U.S.C. § 1983 *Monell* claim (Count 5); and
- State law malicious prosecution under *respondeat superior* (Count 6).

<u>Against the Following Defendants</u>:

- Suffolk County (defendant under Counts 5 and 6);
- Theresa and Brett McCready, as legal successors of K. James McCready, in his individual capacity;
- Norman Rein, in his individual capacity;
- Charles Kosciuk, in his individual capacity; and
- Robert Doyle, in his individual capacity.

<u>Plaintiff Martin Tankleff's Claims Previously Asserted and Since Dismissed</u> (asserted in the original Complaint, D.E. 1, and dismissed by the Court's December 21, 2010 Order, D.E. 66):

- 42 U.S.C. § 1983 failure to investigate (Count III);
- 42 U.S.C. § 1983 civil rights conspiracy (Count VI);
- 42 U.S.C. § 1983 supervisory liability (Count VII);
- State law false imprisonment (Count X); and
- State law intentional or negligent infliction of emotional distress (Count XI).

The Court denied Defendants' motion for summary judgment on June 23, 2017. D.E. 191. No claims remain against John McElhone, and the Court terminated him as a defendant. *Id.*

## II.   **Defenses**

DEFENDANTS' CLAIMS AND DEFENSES

The Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim. The Complaint fails to state a claim upon which relief can be granted.

The evidence to be introduced at the time of trial will establish that there was probable cause for the arrest and prosecution of plaintiff MARTIN TANKLEFF on September 7, 1988 and thereafter. Such evidence includes, but is not limited to the testimony of those police and other witnesses identified below. As probable cause existed for the arrest probable cause existed to commence the prosecution of the plaintiff. Plaintiff was ultimately charged by way of indictment with two counts of Murder in the Second Degree (intentional) and two counts of Murder in the Second Degree (depraved indifference). The grand jury indictment and subsequent conviction after trial establish a presumption of probable cause to believe the plaintiff committed

the crime with which he was charged. No information became known to the defendants between the arrest and prosecution that would vitiate or diminish the probable cause established at the time of the arrest or thereafter.

The defendants will further contend that the damages sustained by plaintiff, if any, were caused by plaintiff's own culpable and/or negligent conduct; that no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by the defendants or otherwise ratified by defendants authorized the deprivation of plaintiff's Constitutional rights; that the individual defendants actions were justified by the facts and circumstances presented; that the individual defendants acted reasonably and in good faith in discharge of their official duties and responsibilities; that the arrest and detention and prosecution of the plaintiff were reasonable and based upon probable cause to believe that the plaintiff had committed a crime; and that defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement officials.

The individual defendants will contend that they are entitled to judgment in their favor on the basis of absolute and/or qualified Federal and/or State immunity and that this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

That plaintiff's claims, if any, are barred in whole or in part by the Statute of Limitations.

There is no viable constitutional claim stated or which can be proven against the municipal defendant.  The evidence listed in this Joint Pre-Trial Order indicates that there is no viable <u>Monell</u> claim that can be asserted and that the evidence is insufficient as a matter of law to support any purported <u>Monell</u> claim against the foregoing municipal defendant.  No such evidence exists because there was no constitutional violation in this action and there was no unconstitutional policy, practice or custom that allegedly caused the plaintiff's alleged injuries.

In addition, the defendants will contend that the County of Suffolk cannot be held liable for this isolated alleged incident under 42 U.S.C. §1983. The defendants will contend that the plaintiff cannot establish a claim upon which relief can be granted under 42 U.S.C. §1983, as against defendant County of Suffolk, because there is no liability against the individual defendants. Nor was there any evidence of unconstitutional policy causing plaintiff any cognizable injury.

The defendants will contest the true nature, extent and cause of the plaintiff's purported damages.

5. **Jury Statement**:

Plaintiff has demanded a jury trial and tentatively anticipates (pending *in limine* rulings) the plaintiff's case will take 15 trial days.

Defendants have demanded a jury trial and tentatively anticipates (pending *in limine* rulings) the defendants' case will take 10 trial days.

6. **No Consent to trial by Magistrate Judge**:

The parties do not consent to trial by a Magistrate Judge.

7. **Stipulations or agreed statements of fact or law agreed to by all parties**:

Plaintiff proposes a stipulation that the individual defendants were acting under color of state law and within the scope of their employment in connection with their work on the Tankleff investigation.

8. **Witness Lists:**

Plaintiff's Witness List:

*All addresses of defendants and SCPD witness are c/o defense counsel the Suffolk County Attorney, and all addresses of plaintiff and plaintiff's family members are c/o plaintiff's counsel at Neufeld Scheck & Brustin.*

*Plaintiff reserves the right to call any witness identified in the Defendants' witness list.*

**John McElhone**

Mr. McElhone was a lieutenant in the Suffolk County Police Department and will testify about the investigation of the murders of Arlene and Seymour Tankleff, his knowledge of allegations levied against the Suffolk County Homicide Squad prior to and during his tenure as the Squad's supervisor, his supervision of the defendant detectives in this case, and the circumstances under which he joined the Department.

**Stuart Namm**

Mr. Namm is a retired Suffolk County Judge.  He will testify about prior misconduct by Suffolk County detectives and, in particular, prior perjury by James McCready.

**Defendants object on the grounds of relevance and hearsay, FRE 402, 403, 802**

**James McCready**

Mr. McCready, now deceased, was one of the defendants.  We will introduce his prior sworn testimony regarding his interrogation of Mr. Tankleff and his investigation of the murders of Seymour and Arlene Tankleff.

By designation*
*Plaintiff reserves the right to play any trial or deposition testimony by video*.

**Norman Rein**

Mr. Rein is one of the defendants.  He will testify regarding his interrogation of Mr. Tankleff and his investigation of the murders of Seymour and Arlene Tankleff.

**Robert Doyle**

Mr. Doyle is one of the defendants.  He will testify regarding the investigation of the murders of Seymour and Arlene Tankleff.

**Vernard Adams**

Dr. Adams was the Medical Examiner for Suffolk County.  He will testify about the autopsies he performed on Seymour and Arlene Tankleff and information he provided Suffolk County Detectives, including his determination that there was no reasonable possibility that the knife identified in the confession was the murder weapon, and that the weapon was likely a utility knife.

**Timothy Palmbach**
300 Boston Post Road
West Haven, CT 06516

Mr. Palmbach is the Chair of the Forensic Science Department at the University of New Haven. He will give expert testimony consistent with his Rule 26 report.

**Michael Baden, M.D.**
15 West 53 Street, Suite 18
New York, NY 10019

Dr. Baden is the former Chief Medical Examiner of New York City and the former Chief Forensic Pathologist for the New York State Police. He will give expert testimony consistent with his Rule 26 report.

**James Trainum**
1639 Potomac Avenue SE
Washington, D.C.  20003

Mr. Trainum is a retired Washington, D.C., homicide detective and an expert in interrogation and investigation procedure. He will give expert testimony concerning the Defendants' police practices in the Tankleff investigation consistent with his Rule 26 report.

**Defendants object to the testimony of this witness to the extent the witness intends to testify regarding "false confessions" or any similar theory, based upon FRE 402, 403 and Daubert v. Merrell Dow, 509 U.S. 579.**

**Jerry Steuerman**
c/o Scaring & Carman PLLC
666 Old Country Road, Suite 501
Garden City, NY 11530

 By designation*
*Plaintiff reserves the right to play any trial or deposition testimony by video.*

**Defendants  object to the extent that the entire testimony should be admitted for continuity.**

**Todd Steuerman**
c/o Scaring & Carman PLLC
666 Old Country Road, Suite 501
Garden City, NY 11530

By designation*
*Plaintiff reserves the right to play any trial or deposition testimony by video.*

**Defendants object on the grounds of relevance and hearsay, FRE 402, 403, 802**

**Robert Gottlieb**
Gottlieb & Janey LLP
Trinity Building
111 Broadway, Suite 701
New York, NY 10006

Mr. Gottlieb was Mr. Tankleff's counsel at Mr. Tankleff's criminal trial. He will testify about evidence he did and did not possess at the time of trial, including that he never learned during Mr. Tankleff's prosecution that Dr. Adams of the Office of the Suffolk County Medical Examiner had determined that there was no reasonable possibility that the "watermelon knife" was the murder weapon or that Dr. Adams had reported this finding to the police.

**John Collins**
210 Center Dr.
Riverhead, NY 11901

Mr. Collins was the prosecutor at Mr. Tankleff"s criminal trial. He will testify about the investigation of the murders of Seymour and Arlene Tankleff and the prosecution of Mr. Tankleff, including whether he received certain information during those proceedings.

**Edward Jablonski**
400 Carleton Ave
Central Islip, NY 11722

Mr. Jablonski was one of the prosecutors assigned to Mr. Tankleff's case.  He will testify about the investigation of the murders of Seymour and Arlene Tankleff, including whether he received certain information during those proceedings.

**Martin Tankleff**
c/o Neufeld Scheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York, NY 10013

Mr. Tankleff is the plaintiff.  He will testify about finding his parents' bodies and his interrogation by Messrs. Rein and McCready, about how he was wrongfully convicted of the murders of his parents, and about how more than 17 years of incarceration for those murders has caused him damages.

**Dr. Sanford Drob**
26 Court Street
Brooklyn, NY 11242

Dr. Drob is a licensed psychologist. He will give expert testimony consistent with his Rule 26 report, including expert testimony concerning Mr. Tankleff's psychological

vulnerability at the time of his interrogation and the psychological damages stemming from the years of his wrongful incarceration.

**Defendants object to the testimony of this witness to the extent the witness intends to testify regarding plaintiff's psychological vulnerability at the time of his interrogation, based upon FRE 402, 403 and Daubert v. Merrell Dow, 509 U.S. 579. Defendants do not object to testimony regarding damages.**

**Michael Cliff**
Analysis Group
800 17th Street NW, Suite 400
Washington, DC 20006

Mr. Cliff is a Vice President at the Analysis Group. He will give expert testimony consistent with his Rule 26 report concerning Mr. Tankleff's lost wages and other economic damages flowing from his wrongful incarceration.

**T. Randolph Harris**
260 Madison Avenue
New York, NY 10016

Mr. Harris is a partner at McLaughlin and Stern, LLP, and the co-chair of that firm's Trusts and Estates Department. He will give expert testimony consistent with his Rule 26 report concerning certain issues relating to the probate of the Will of Seymour M. Tankleff that are relevant to Plaintiff's damages.

**Joseph Creedon**

Mr. Creedon, now deceased, was a career criminal who specialized in violence and intimidation.  We will introduce his prior sworn testimony that  he knew Todd Steuerman, Glenn Harris, and Peter Kent, that Jerry Steuerman wanted to hire Mr. Creedon to have someone murdered, and that Jerry Steuerman wanted to hire someone to cut out Mr. Tankleff's tongue.

By designation*
*Plaintiff reserves the right to play any trial or deposition testimony by video.*

**Defendants object on the grounds of relevance and hearsay, FRE 402, 403, 802**

**Mike Carmody**

Mr. Carmody was a Suffolk County police officer.  He will testify about the investigation of the murders of Seymour and Arlene Tankleff.

**Robert Anderson**

Mr. Anderson was a Suffolk County police officer.  He will testify about the investigation of the murders of Seymour and Arlene Tankleff.

**Charles Kosciuk**

Mr. Kosciuk was a supposed crime scene reconstructionist.  He will testify about his involvement in the investigation and prosecution of Marty Tankleff.

**Robert Genna**

Mr. Genna was employed by the Suffolk County crime laboratory.  He will testify about his role in the investigation of the murders of Seymour and Arlene Tankleff.

**John Pfalzgraf**

Mr. Pfalzgraf was a Suffolk County police officer.  He will testify about his role in the investigation of the murders of Seymour and Arlene Tankleff.

**Robert Baumann**

Mr. Baumann was employed by the Suffolk County crime laboratory.  He will testify about his role in the investigation of the murders of Seymour and Arlene Tankleff.

**Matthew Marvin**
Headquarters Laboratory
P.O. Box 670
Collinsville, MS 39325

Mr. Marvin is a forensic examiner who chemically, visually and electronically examined evidence collected from the crime scene. He will provide expert testimony consistent with his Rule 26 report.

**Ron Falbee**
394 Parkway Drive
Westbury, NY 11590

Mr. Falbee is a cousin of Mr. Tankleff.  He will testify that he told Suffolk County police on the morning of the murders that Jerry Steuerman was the most likely perpetrator and he will testify about damages caused to Mr. Tankleff as a result of his wrongful conviction.

**Joseph Graydon**
279 Montauk Highway, Cottage 56
Westhampton Beach, NY 11978

Mr. Graydon was a career criminal who knew Mr. Creedon. He will testify that he learned that Jerry Steuerman was looking to hire someone to murder his business partner and he participated with Mr. Creedon in an effort an unsuccessful to murder Seymour Tankleff.

**Defendants object on the grounds of relevance and hearsay, FRE 402, 403, 802**

**Brian Scott Glass**
36 Champlain Street
Port Jefferson, NY 11776

Mr. Glass was a career criminal who knew Mr. Creedon.  He will testify that he learned that Jerry Steuerman was looking to hire someone to murder his business partner and he informed Mr. Creedon.

**Defendants object on the grounds of relevance and hearsay, FRE 402, 403, 802**

**Neil Fischer**

Mr. Fischer performed work at a bagel store owned by Jerry Steuerman. It is our understanding that he is now deceased.  We will introduce his prior sworn testimony about admissions made by Steuerman and threats made by Steuerman.

**Defendants object on the grounds of relevance and hearsay, FRE 402, 403, 802**

**Karlene Kovacs**
6 Patton Road
St. James, NY 11780

Karlene Kovacs briefly dated the brother of Mr. Creedon's girlfriend. She will testify about admissions made by Mr. Creedon that he participated in the murders of Seymour and Arlene Tankleff.

**Defendants object on the grounds of relevance and hearsay, FRE 402, 403, 802**

**Mark T. Callahan**

Mr. Callahan knew Mr. Creedon and Mr. Glass.  He will testify about admissions made by Mr. Glass that he knew of the request to hire someone to murder Mr. Steuerman's business partner and that he informed Mr. Creedon about this work.

**Defendants object on the grounds of relevance and hearsay, FRE 402, 403, 802**

**John Guarascio**
24 Parkhill Avenue

Massapequa, NY 11758

Mr. Guarascio was the brother of Mr. Creedon's girlfriend.  He will testify about admissions made by Mr. Creedon that he participated in the murders of Seymour and Arlene Tankleff.

**Defendants object on the grounds of relevance and hearsay, FRE 402, 403, 802**

**Marc Howard**
(202) 415-4118

Mr. Howard went to high school with Mr. Tankleff and is a professor at Georgetown University.  He will testify about damages caused to Mr. Tankleff as a result of his wrongful conviction.

**Kathy Giordano**
214 Rocky Point Landing Rd.
Rocky Point, NY 11778

Ms. Giordano knew Mr. Creedon and his associates prior to and after the Tankleff homicides. She will testify concerning incriminating admissions and behavior by Mr. Creedon and others following the Tankleff homicides.

**Edward Capobianco**
1801 East Lake Road
Palm Harbor, FL 34685

Mr Capobiance knew Mr. Creedon and Todd Steuerman prior to and after the Tankleff homicides. He will testify concerning incriminating admissions and behavior by Mr. Steuerman and others following the Tankleff homicides.

**Defendants object on the grounds of relevance and hearsay, FRE 402, 403, 802**

**Ronnie L. Weber**
18 King Ave.
Selden, NY 11784

Mr. Weber knew Mr. Creedon and his associates prior to and after the Tankleff homicides. He will testify concerning incriminating admissions and behavior by Mr. Creedon and others following the Tankleff homicides.

**Defendants object on the grounds of relevance and hearsay, FRE 402, 403, 802**

**Bobby Lynch**
569 Hawkins Rd.
Selden, NY 11784

Mr. Lynch knew Mr. Creedon and his associates prior to and after the Tankleff homicides. He will testify concerning incriminating admissions and behavior by Mr. Creedon and others following the Tankleff homicides.

**Defendants object on the grounds of relevance and hearsay, FRE 402, 403, 802**

**Salene Konapski**
569 Hawkins Rd.
Selden, NY 11784

Ms. Konapski knew Mr. Creedon and his associates prior to and after the Tankleff homicides. She will testify concerning incriminating admissions and behavior by Mr. Creedon and others following the Tankleff homicides.

**Defendants object on the grounds of relevance and hearsay, FRE 402, 403, 802**

**Edward Lloyd**
29 Magnolia Dr.
Rocky Point, NY 11778

Mr. Lloyd was a dispatcher at a local taxi company at the time of the Tankleff homicides. He will testify that he reported to the Suffolk County Police that one of his drivers had observed a car idling in front of the Tankleff home the night of the murders.

**Defendants object on the grounds of relevance and hearsay, FRE 402, 403, 802**

**Gary Gernstein**
19918 Hope Hwy
Hope, AK 99605

Mr. Gernstein was a driver for a local taxi company who will testify that he observed a car idling in front of the Tankleff home the night of the murders.

**Richard Wersan**
2 Rye Field Ct.
Mt. Sinai, NY 11766

Mr. Wersan knew Peter Kent prior to and after the Tankleff homicides. He will testify that Peter Kent admitted involvement in the Tankleff homicides.

**Defendants object on the grounds of relevance and hearsay, FRE 402, 403, 802**

**Eric Kvalvik**
320 Buccaneer Ln.
Lake Havusu City, AZ 86406

Mr. Kvalvik was a bartender who frequently served James McCready around the time of the Tankleff homicides. He will testify about admissions Mr. McCready made concerning the Tankleff investigation, as well as his reputation for substance abuse.

**Defendants object on the grounds of relevance and hearsay, FRE 402, 403, 802**

**Father Ronald Lemmert**
Sing Sing Correctional Facility
Ossining, New York

Father Lemmert is a Catholic Chaplain at Since Sing Correctional Facility who will testify about admissions made by Glenn Harris.

**Defendants object on the grounds of relevance and hearsay, FRE 402, 403, 802**

**Joseph Cecere**
[By designation]

Testimony concerning the card game at the Tankleff home and observations of Jerry Steuerman.

**Robert Montefusco**
[By designation]

Testimony concerning the card game at the Tankleff home and observations of Jerry Steuerman.

**Chris Blaise**
46 Ellsworth Road
Lake George, NY 12845

Mr. Blaise was a correction officer. He will testify about damages caused to Mr. Tankleff as a result of his wrongful conviction.

**Scott Benware**
25 Hill Street
Keeseville, NY 12944

Mr. Benware was a correction officer. He will testify about damages caused to Mr. Tankleff as a result of his wrongful conviction.

**John Marafino**

(631) 513-1837

Mr. Marafino was a sergeant in the court cells during Mr. Tankleff's criminal trial. He will testify about damages caused to Mr. Tankleff as a result of his wrongful conviction.

**Elaine Cosgrove**

Ms. Cosgrove is Mr. Tankleff's former instructor at Clinton Correctional Facility. She will testify about damages caused to Mr. Tankleff as a result of his wrongful conviction.

**Dutch Van Alstin**
725 Leffingwell Ave
Ellenton, Fl. 34222

Mr. Van Alstin was a correction officer.  He will testify about damages caused to Mr. Tankleff as a result of his wrongful conviction.

**Jonathan Bell**
100 Quent N Roosevelt Blvd., Suite 208
Garden City, NY 11530

**Damages Witness?  If so no objection, unless basis of knowledge is hearsay.**

**Hon. Frederic Block**
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Judge Block is a federal district court judge whose wife was Mr. Tankleff's high school guidance counselor.  He will testify about damages caused to Mr. Tankleff as a result of his wrongful conviction.

**Defendants object on the grounds of hearsay, FRE, 802**

**Linda Howard Weissman**
225 Eastview Drive
Central Islip, NY 11722

Ms. Howard Weissman is an assistant dean at Touro Law School. She will testify regarding Mr. Tankleff's damages.

**Defendants object on the grounds of hearsay, FRE, 802**

**Lynne Kramer**
225 Eastview Drive

Central Islip, NY 11722

Ms. Kramer is Mr. Tankleff's former professor at Touro Law School. She will testify regarding Mr. Tankleff's damages.

**Defendants object on the grounds of hearsay, FRE, 802**

**Patricia Salkin**
225 Eastview Drive
Central Islip, NY 11722

Ms. Salkin is the former Dean of Touro Law School. She will testify regarding Mr. Tankleff's damages.

**Defendants object on the grounds of hearsay, FRE, 802**

**Peter Davis**
11 Delaware Street
Huntington, NY 11743

Mr. Davis is Mr. Tankleff's former professor at Touro Law School. He will testify regarding Mr. Tankleff's damages.

**Defendants object on the grounds of hearsay, FRE, 802**

**Robert Leonard**
51 Lake Avenue
Mill Neck, NY 11765

Mr. Leonard is Mr. Tankleff's former professor at Hofstra University. He will testify regarding Mr. Tankleff's damages.

**Defendants object on the grounds of hearsay, FRE, 802**

**Erik Brown**

Mr. Brown was incarcerated with Mr. Tankleff in Clinton Correctional Facility. He will testify regarding Mr. Tankleff's damages during his years of wrongful incarceration.

**Defendants object to the extent the basis of knowledge is  hearsay, FRE, 802**

**Chris Lue-Shing**

Mr. Lue-Shing was incarcerated with Mr. Tankleff in Clinton Correctional Facility. He will testify regarding Mr. Tankleff's damages during his years of wrongful incarceration.

**Kyle Patterson**

Mr. Patterson was incarcerated with Mr. Tankleff in Clinton Correctional Facility. He will testify regarding Mr. Tankleff's damages during his years of wrongful incarceration.

**Michael LaVeglia**

Mr. LaVeglia was incarcerated with Mr. Tankleff in Clinton Correctional Facility. He will testify regarding Mr. Tankleff's damages during his years of wrongful incarceration.

**Steve Braga**
3079 Woods Cove Lane
Woodbridge, VA 22192

Mr. Braga was one of Mr. Tankleff's post-conviction lawyers.  He will testify about damages caused to Mr. Tankleff as a result of his wrongful conviction.

**Defendants object on the grounds of hearsay, FRE, 802**

**Kurt Paschke**

Mr. Paschke was a Suffolk County police sergeant.  He will testify about damages caused to Mr. Tankleff as a result of his wrongful conviction.

**Defendants object on the grounds of hearsay, FRE, 802**

**Marianne McClure**

Ms. McClure is an aunt of Mr. Tankleff.  She will testify about damages caused to Mr. Tankleff as a result of his wrongful conviction.

**Mike McClure**

Mr. McClure is an uncle of Mr. Tankleff.  He will testify about damages caused to Mr. Tankleff as a result of his wrongful conviction.

**Lynn Kaden**

Ms. Kaden is a cousin of Mr. Tankleff.  She will testify about damages caused to Mr. Tankleff as a result of his wrongful conviction.

**Larry Kaden**

Mr. Kaden is a cousin of Mr. Tankleff.  He will testify about damages caused to Mr. Tankleff as a result of his wrongful conviction.

**Kourtney Castagnola**

Ms. Castagnola is Mr. Tankleff's adopted daughter.  She will testify about damages caused to Mr. Tankleff as a result of his wrongful conviction.

**Defendants object to the extent the basis of knowledge is  hearsay, FRE, 802**


**DEFENDANTS' WITNESSES\*\*\***

\*\*\*Plaintiff preserves all objections to inadmissible testimony from any witness offered by Defendants at trial, regardless of whether specified herein. Plaintiff reserves the right to call any witness listed below at trial, regardless of whether Defendants call that witness.

The defendants reserve their right to offer the relevant and admissible testimony of any and all witnesses identified by the plaintiff, whether or not the plaintiff actually calls such witnesses at the time of trial. (Such witnesses are hereby incorporated by reference.)

In addition to the parties the defendants anticipate calling the following witnesses:

**Suffolk County Police Officer James Crayne**

**Suffolk County Police Officer Daniel Gallagher (Retired)[1]**

**Police Officer Edward Aki**

All will testify regarding arrival at 33 Seaside Drive, observations of the scene and victims and communications with and observations of the plaintiff.

**Suffolk County Detective John Pfalzgraf (Retired)**

**Suffolk County Detective Michael Carmody (Retired)**

**Suffolk County Detective Robert Anderson (Retired)**

---

[1] All retried Suffolk County Police personnel, Crime Lab employees, or other persons previously employed by the County of Suffolk will be produced at trial upon reasonable notice without need for subpoena by the plaintiff.

All will testify regarding their involvement in the investigation of the homicides that occurred at 33 Seaside Drive.

All of the above witnesses, c/o Suffolk County Police Department, 30 Yaphank Avenue, Yaphank New York 11980.

**Suffolk County Crime Lab Forensic Scientist Robert Bauman**

Plaintiff objects to the extent Defendants intend to elicit expert testimony from this witness, as Defendants did not disclose Mr. Bauman as an expert and no expert report was served. Fed. R. Evid. 702; Fed. R. Civ. P. 26(a)(2). [

**Suffolk County Crime Lab Forensic Scientist Robert Genna**

Will testify regarding their gathering, examining, testing and results of forensic evidence recovered from the crime scene at 33 Seaside Drive.

Plaintiff objects to the extent Defendants intend to elicit expert testimony from this witness, as Defendants did not disclose Mr. Genna as an expert and no expert report was served. Fed. R. Evid. 702; Fed. R. Civ. P. 26(a)(2)

**Suffolk County Medical Examiner's Office Forensic Scientist Charles Wagner**

Will testify regarding serology testing and results

All of the above witnesses, c/o Suffolk County Medical Examiner's Office, North County Complex, Hauppauge, New York 11788.

Plaintiff objects to the extent Defendants intend to elicit expert testimony from this witness, as Defendants did not disclose Mr. Wagner as an expert and no expert report was served. Fed. R. Evid. 702; Fed. R. Civ. P. 26(a)(2)

**Former Suffolk County Deputy Medical Examiner,  Dr. Vernard Adams**,

400 North Ashley Drive, Suite 1900,  Tampa, Florida 33602

Will testify regarding his examination of Arleen Tankleff at the scene, and his autopsy of Mrs. Tankleff and Seymour Tankleff as well as his findings.

**Assistant District Attorney Edward Jablonski**, Office of the Suffolk County District Attorney, 77 North County Complex, Hauppauge, New York 11788

Will testify regarding his observations and conversations with the plaintiff on September 7, 1988, his involvement in the prosecution of the plaintiff, his involvement in locating witness Jerry Steuerman after the arrest of the plaintiff, and conversations he had with Medical Examiner Vernon Adams relating to this case and other cases contemporaneously to the presentation of the case against the plaintiff to the grand jury.

**Former Assistant District Attorney John Collins**, c/o New York State Office of Court Administration.

Will testify regarding his involvement in the prosecution of the plaintiff including his preparation of witnesses for trial and conversations he had with Dr. Vernard Adams regarding the autopsies of Arlene and Seymour Tankleff.

**Ethel Curley, RN, 14 Cresent Rd., Port Jefferson, New York  11777**

Will testify regarding her arrival at 33 Seaside Drive, her interaction with both Arlene and Seymour Tankleff and attempts to provide medical aid, and her interaction and communications with the plaintiff.

**Ron Rother, 30 Highview Drive, Selden, New  York 11784**

Will testify regarding his interaction, observations and conversations with the plaintiff on September 7, 1988 as well as his observations and conversations with the plaintiff in the months following September 7, 1988.

Plaintiff objects to Mr. Rother's testimony on grounds of relevance, Fed. R. Evid 401–402, and as more prejudicial than probative under Fed. R. Evid. 403.

**Shari Mistretta,  21 Ficus Street, Port Jefferson  Station, New York 11776**.

Will testify regarding her conversations with the plaintiff on September 7, 1988 as well as her observations and conversations with the plaintiff in the months following September 7, 1988.

Plaintiff objects to Ms. Mistretta's testimony on grounds of relevance, Fed. R. Evid 401–402, and as more prejudicial than probative under Fed. R. Evid. 403.

**Chief Donald Hines, Belle Terre Constabulary (by way of trial testimony)**

Testimony describes interaction with the plaintiff on the morning of September 7, 1988 and conversation with the plaintiff regarding his father.

Plaintiff objects on grounds of relevance, Fed. R. Evid 401–402, hearsay, Fed. R. Evid. 802–803, and as more prejudicial than probative under Fed. R. Evid. 403.

**John McNamara, (by way of trial testimony)**

Testimony describes interaction with the plaintiff on the morning of September 7, 1988 and conversations with the plaintiff regarding the events of that morning.

Plaintiff objects on grounds of relevance, Fed. R. Evid 401–402, hearsay, Fed. R. Evid. 802–803, and as more prejudicial than probative under Fed. R. Evid. 403.

**<u>Rebuttal Expert Witnesses</u>** (in the event the Court permits testimony by plaintiff's police/confession expert James Trainum).

**Joseph Blaettler, East Coast Private Investigations of New Jersey, LLC.; P.O. Box 219, Brookside, New Jersey 07926**

Will offer expert testimony regarding the methods and procedures used by the defendants in the interview of the plaintiff, as well as the investigation of the homicides at 33 Seaside Drive, and in rebuttal of the anticipated testimony of James Trainum.

Plaintiff objects under Fed. R. Evid. 702, 703, and under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

**Paul G. Cassell,  S.J. Quinney College of Law at the University of Utah, Salt Lake City,  Utah 84112**

Will offer expert rebuttal testimony regarding the unreliability of the opinion of James Trainum on the issue of false confessions.

Plaintiff objects under Fed. R. Evid. 702, 703, and under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

Defendants are contemplating calling a rebuttal witness to the testimony of plaintiff's expert Sanford Drob.  The identity of the witness and all required Rule 26 discovery will be provided upon receipt.

Plaintiff preserves all objections to any as-of-yet-undisclosed rebuttal expert testimony.

**Rebuttal witness testimony** (in the event the Court permits the introduction of evidence regarding plaintiff's claim that other persons committed the murders).

**Glenn Harris**, last known address: 799 Canal Road, Mount Sinai, New York 11766

Will testify that his prior statements wherein he claimed that he was involved in the murders of Arlene and Seymour Tankleff with Joseph Creedon and Peter Kent are false and a complete fabrication.

**Jay Salpeter,** address known to plaintiff

Will testify regarding his investigation into possible other suspects in the murders of the

Tankleffs, his interviews with Glenn Harris and other "witnesses" and his claimed discovery of a

murder weapon (a length of pipe).

Plaintiff objects to rebuttal evidence from Mr. Salpeter on grounds of relevance, Fed. R.

Evid. 401–402, hearsay, Fed. R. Evid. 802–803, and given its lack of probative value, as cumulative

evidence, undue delay and a waste of time, under Fed. R. Evid. 403. Plaintiff also objects to the

extent the rebuttal testimony Defendants intend to elicit constitutes privileged work product, or

otherwise constitutes privileged information protected by Federal Rule of Civil Procedure 26(b)(3)

or the common law.

The defendants further reserve their right to use such additional and unidentified witnesses

for impeachment purposes and/or as may be warranted in response to the plaintiff's direct case as

the need arises.  See FRCP Rule 26(d)(3).

9. **Rule 32 Designations and Objections**:

**Designations for Plaintiff**:

Plaintiff designates the following testimony, subject to redaction pending rulings on *in
limine* motions and objection. Plaintiff reserves the right to introduce any deposition and
trial testimony against any Defendant in his case in chief, and to use any prior sworn
testimony of any witness for purposes of impeachment. Plaintiff reserves the right to
utilize any and all designated deposition testimony listed by the defendants, as well as,
any and all trial testimony from the plaintiff's criminal trial subject to witness
availability, the Federal Rules of Evidence, Rule 26 of Federal Rules of Civil Procedure
and rulings on *in limine* motions and objections.:

Jerry Steuerman Trial Testimony

Direct: 885:13–15, 886:17–887:14, 887:25–888:15, 888:20–892:14, 893:5–897:4,
897:15–24, 900:7–14, 900:21–902:20, 905:14–24, 906:1–907:22
Cross: 917:8–921:25, 924:3–926:7, 927:5–9, 929:16–930:2, 935:22–936:5, 937:25–
938:25, 940:2–15, 940:23–941:11, 945:19–946:7, 951:16–23, 955:6–956:12, 956:17–
957:5, 960:21–24, 963:7–965:3, 969:23–971:13, 973:13–16, 974:3–16, 977:7–10,
978:10–14, 984:17–23, 985:4–15, 986:8–987:11, 994:22–995:2, 996:17–19, 997:18–

998:18, 1010:15–21, 1011:23–1013:13, 1014:5–10, 1018:7–16, 1020:13–16, 1021:4–1022:3, 1022:12–22, 1027:2–1028:15, 1030:2–15, 1033:16–1034:3, 1035:4–21, 1041:3–1044:4, 1044:11–1045:8, 1046:12–1047:15, 1047:22–1048:17, 1051:22–1052:5, 1053:25–1054:12, 1078:11–1079:9, 1080:17–1082:10, 1084:8–15, 1084:19–23, 1085:20–1087:2, 1089:17–1091:21, 1092:15–25, 1118:8–15, 1121:4–1122:2, 1133:5–1135:5, 1136:21–1137:12, 1138:7–1139:17, 1141:14–1143:11, 1144:14–25, 1145:7–23, 1146:6–1148:21, 1150:8–1152:24, 1155:21–1156:13, 1166:13–20, 1181:2–25, 1182:8–1183:11, 1184:5–9, 1185:20–25, 1186:25–1187:25, 1188:9–16, 1189:13–1193:2, 1193:12–1196:20, 1197:14–1204:16, 1205:12–1206:21, 1207:8–18, 1208:8–12, 1209:21–1213:21, 1214:17–24, 1216:20–1217:6, 1227:3–11

**Defendants  object to the extent that the entire testimony should be admitted for continuity.**

Jerry Steuerman Videotaped Deposition Testimony

5:24–6:5, 6:20–21, 7:19–22, 9:6–13, 11:15–20:17, 20:24–21:24, 22:12–26:7, 26:13–24, 27:9–28:21, 29:3–30:4, 30:19–24, 31:18–35:23, 37:2–40:13, 40:16–21
**Defendants  object on the grounds of hearsay.**

Todd Steuerman Videotaped Deposition Testimony

7:22–8:18, 10:8–11:16, 12:17–13:3, 13:9–32:17, 33:20–34:16

**Defendants object on the grounds of relevance and hearsay, FRE 402, 403, 802**

Joseph Creedon Videotaped Deposition Testimony

7:23–25, 8:2–12, 8:20–22, 9:13–17, 14:22–25, 15:2–3, 15:14–24, 16:6–16, 17:20–23, 18:18–25, 19:2, 19:4–5, 19:22–25, 20:2, 21:13–20, 22:4–15, 23:15–19, 24:4–9, 25:2–6, 25:21–24, 26:13–20, 27:11–17, 27:24–25, 28:2–4, 28:13–15, 32:16–24, 36:13–19, 36:23–25, 37:2–3, 37:25, 38:2–25, 39:2, 39:7–15, 40:2–8, 40:21–25, 41:2–8, 41:12–21, 42:13–16, 42:23–25, 43:2–4, 43:21–24, 44:4–6, 45:7–24, 46:25, 47:2–14, 47:18–25, 48:2, 48:11–19, 48:21–25, 49:2–9, 49:19–24, 50:6–20, 51:24–25, 52:2–19, 53:3–20, 54:6–17, 56:17–24, 58:25, 59:2–25, 60:2, 60:22–25, 61:2–5, 61:14–25, 62:2–5, 63:23–25, 64:2-5, 66:6-16, 66:24–25, 67:2–14, 69:18–25, 70:2–4, 70:24–25, 71:2–10, 71:13–18, 73:3–9, 74:2–11, 75:275:2–11, 76:16–21, 77:4–9, 86:15–25, 88:17–24, 92:4–9, 92:13–19, 94:10–17, 95:3–10, 96:5–7, 96:22–25, 97:11–15, 98:2–5, 100:19–21, 101:8–10, 101:20, 101:23–25, 102:25, 103:2–3, 103:10–13, 105:24–25, 106:2–4, 107:15–17, 109:20–25, 110:7–12

**Defendants object on the grounds of relevance and hearsay, FRE 402, 403, 802**

Gaetano Foti Deposition Testimony

3:18–4:15, 5:13–6:9, 6:16–7:22, 9:1–11, 9:17–10:7, 28:16–29:6, 37:19–38:2, 40:2–10, 42:8–43:8, 46:21–47:3, 57:20–58:25

**Defendants object on the grounds of relevance and hearsay, FRE 402, 403, 802**

K. James McCready 1988 Grand Jury Testimony

K. James McCready 1989 *Huntley* Hearing Testimony

K. James McCready 1990 Trial Testimony

K. James McCready Videotaped Deposition Testimony

**Deposition Designations for Defendants**:

The defendants reserve the right to use deposition, and 50h hearing testimony, of the plaintiff in the instant matter on their case in chief and for the purpose of impeachment. Defendants reserve the right to use the criminal trial testimony of the plaintiff on their case in chief and for the purpose of impeachment.   Defendants reserve the right to use plaintiff's deposition testimony in the matter of *Tankleff v. State of New York*, Claim No. 118655 taken on July 9, 2013, on their case in chief and for the purpose of impeachment.

Defendants intend to introduce the deposition testimony and criminal trial testimony of defendant K. James McCready on their case in chief as he is deceased.

Defendants intend to introduce on their direct case the trial testimony of civilian witnesses John McNamara and Donald Hines pursuant to FRE 804(a)(4) as both witnesses are deceased.

**Plaintiff's Objections and Counter-Designations**

Because Defendants have not designated their deposition testimony with any specificity, Plaintiff reserves the right to object to any and all proffered deposition testimony and to proffer counter-designations.

**10. Exhibits and Objections:**

***Please note, by agreement, the parties have only listed exhibits to be used in the liability phase of this trial, reserving the designation of damages exhibits to a later date.***

<u>**Plaintiff's Exhibits**</u>:

Plaintiff does not waive objections to any exhibits on this list and reserve the right to offer any exhibit listed on defendants' exhibit list. Plaintiff reserves the right to offer impeachment evidence not listed here as the circumstances of trial require.

**Plaintiff requests that Defendants make all original exhibits and physical evidence from the underlying criminal trials, and police documents, available for use at trial**

**PLAINTIFF'S LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defendant Objection | ID | Evid. |
|------|-------------|------------|---------------------|-----|-------|
| 1 | Joseph Creedon NYS Criminal Record | | Relevance, FRE 402, 403, hearsay 802 | | |
| 2 | AG Interview w/Creedon 03/28/08 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 3 | Interview with Richard Auspaker 07/17/08 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 4 | Creedon affidavit dated 09/17/90 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 5 | RCG Memo re Creedon 04/26/90 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 6 | TS shooting reports dated 09/04/95 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 7 | McElhorne Resume dated 06/03/99 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 8 | SCPD Organization Chart | | | | |
| 9 | Judge Namm Letter to Governor Cuomo dated 10/29/85 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 10 | Commission of Investigation Resolution | | Relevance, FRE 402, 403, hearsay 802 | | |
| 11 | The Confession Takers series dated December 1986 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 12 | Commission of Investigation Report on Suffolk County dated April 1989 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 13 | NYT Monell SCPD Investigation Article dated 01/29/87 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 14 | NYT Diaz Article dated 02/02/87 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 15 | Diaz Confession dated 06/21/84 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 16 | McCready Diaz Supplemental Report dated 06/27/84 | | Relevance, FRE 402, 403, 404 hearsay 802 | | |
| 17 | McCready Cross at Diaz Trial re Photo | | Relevance, FRE 402, 403,404 hearsay 802 | | |
| 18 | McCready Cross at Diaz Trial Re Mugshot | | Relevance, FRE 402, 403, 404 hearsay 802 | | |
| 19 | Steuermann Missing Person File dated 09/15/88 | | | | |
| 20 | SCPD News Release re Tankleff Murders dated 09/07/88 | | | | |

**PLAINTIFF'S LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| 21 | McElhone Press Release re Martin Tankleff's Arrest dated 09/07/88 | | | | |
| 22 | Card Players Police Report dated 09/08/88 | | | | |
| 23 | Steuerman Interview Report dated 09/10/88 | | | | |
| 24 | Memo Book Pfalzgraf (SCDA002488 – SCDA002492) | | | | |
| 25 | Rother Interview Report dated 09/08/88 | | | | |
| 26 | Pfalzgraf Cross (BW016353, BW016430 – BW016435) | | Relevance, FRE 402, 403, hearsay 802 | | |
| 27 | Carmody Memo Book (BW002829, BW002843 – BW002844) | | | | |
| 28 | Memo Book (SCPD001243 – SCPD001261) | | | | |
| 29 | Report re Murder of Karen Schoendorf dated 08/01/88 | | Relevance, FRE 402, 403,404  hearsay 802 | | |
| 30 | Report re Murder of Karen Schoendorf dated 10/31/88 | | Relevance, FRE 402, 403, 404 hearsay 802 | | |
| 31 | Det. Doyle's Trial Testimony (BW004957) | | Hearsay, no objection for impeachment purposes | | |
| 32 | Det. Doyle's Trial Testimony (BW004998) | | Hearsay, no objection for impeachment purposes | | |
| 33 | Det. Doyle's Trial Testimony (BW004969 – BW004970) | | Hearsay, no objection for impeachment purposes | | |
| 34 | Commission of Investigation Memo re Doyle Interview dated 07/30/08 | | Relevance, FRE 402, 403,  hearsay 802 | | |
| 35 | Det. Doyle's Trial Testimony (BW004966) | | Hearsay, no objection for impeachment purposes | | |
| 36 | Det. Doyle's Trial Testimony (BW005063) | | Hearsay, no objection for impeachment purposes | | |
| 37 | Report from Det. McCready dated 09/14/88 | | | | |
| 38 | Det. Doyle Testimony from Huntley Hearing (BW004838) | | Hearsay, no objection for impeachment purposes | | |
| 39 | Martin Tankleff Arrest Sheet | | | | |
| 40 | Report from Det. Carmody re Rother Interview dated 09/08/88 | | | | |

## PLAINTIFF'S LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| 41 | Miranda Card Signed by Martin Tankleff | | | | |
| 42 | SCPD Investigative Guide: Investigation-Homicide | | | | |
| 43 | Report re Interview of Poker Players dated 09/08/88 | | | | |
| 44 | Report re Steuerman Interview dated 09/10/88 | | | | |
| 45 | Report re Marty Hova dated 10/18/88 | | | | |
| 46 | Report re McNamara Interview dated 10/18/88 | | | | |
| 47 | Report re Radelman & Goldschmidt Interviews dated 04/04/90 | | | | |
| 48 | Det. Doyle Handwritten Notes (BW020068 – BW020100) | | | | |
| 49 | Handwritten Notes (SCDA002693 – SCDA002698) | | | | |
| 50 | Continuation Report by Det. Rein (AG10009) | | | | |
| 51 | SCPD 1984 Case Memo re Case Investigations | | Relevance, FRE 402, 403,  hearsay 802 | | |
| 52 | SCPD Internal Correspondence re Case #91-91 dated 04/15/92 | | Relevance, FRE 402, 403,404  hearsay 802 | | |
| 53 | Steuerman Missing Person Investigation Guide dated 09/15/88 | | | | |
| 54 | Steuerman Missing Person Report dated 09/16/88 | | | | |
| 55 | Steuerman Missing Person Report re Grundfast Interview dated 09/16/88 | | | | |
| 56 | DA Steuerman Press Release dated 09/29/88 | | | | |
| 57 | Tankleff Residence Model (AG011529) | | | | |
| 58 | Steno Book Notes of Det. Doyle (SCDA002699 – SCDA002716) | | | | |
| 59 | Photos of Master Bedroom | | | | |
| 60 | Photos of Kitchen Area and Watermelon Knife | | | | |

## PLAINTIFF'S LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defendant Objection | ID | Evid. |
|------|-------------|------------|---------------------|-----|-------|
| 61 | Photos of the Office | | | | |
| 62 | Memo re Kosciuk Interview dated 7/21/08 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 63 | Photographs of Dumbbells | | | | |
| 64 | Autopsy Photos | | | | |
| 65 | Memo re Doyle Interview dated 7/30/08 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 66 | Supplemental Report of Death Investigation dated 09/07/88 | | | | |
| 67 | Kosciuk Trial Testimony (BW011993, BW012019 – BW012021) | | | | |
| 68 | Serology Report (AG000587 – AG000593) | | | | |
| 69 | George Reich Lab report (AG000530) | | | | |
| 70 | Kosciuk Court Testimony Notes | | Hearsay, no objection for impeachment purposes | | |
| 71 | Photograph of Blood Splatter | | | | |
| 72 | Criminalistics Lab Report dated 09/07/88 (AG000525 – AG000532) | | | | |
| 73 | Bauman Criminalistics Report for McCready dated 11/08/88 | | | | |
| 74 | Criminalistics Drawings dated 09/14/88 (SCDA015781 – SCDA015792) | | | | |
| 75 | Criminalistics Laboratory Worksheet dated 09/14/88 (SCDA015763 – SCDA015766) | | | | |
| 76 | Evidence Receipt (SCPD000901 – SCPD000903) | | | | |
| 77 | Photograph of Blood on Desk | | | | |
| 78 | Photos of Blood Smears and Knife Imprint | | | | |
| 79 | Photos of Blood Stains (AG000078 – AG000097) | | | | |
| 80 | Trace Evidence Report dated 01/07/89 | | | | |
| 81 | Investigation Division Memo dated 02/05/87 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 82 | Photograph of Possible Handprint on Sheet | | | | |

**PLAINTIFF'S LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| 83 | Photographs of Desk Measurements | | | | |
| 84 | Mitotyping Items Letter dated 02/26/01 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 85 | Photograph of Blood Stained Sheet | | | | |
| 86 | photographs of victim | | | | |
| 87 | photograph of boxcutter | | Defendants reserve the right to object to this demonstrative exhibit upon inspection. | | |
| 88 | Criminalistics lab report dated 10/10/88 | | | | |
| 89 | Photo of Sheet | | | | |
| 90 | Closeup of Sheet 1 | | | | |
| 91 | Closeup of Sheet 2 | | | | |
| 92 | Closeup of Sheet 3 | | | | |
| 93 | photo of sheet measurements 1 | | | | |
| 94 | Photo of sheet measurements 2 | | | | |
| 95 | Photo of sheet measurements 3 | | | | |
| 96 | Photo of sheet measurements 4 | | | | |
| 97 | Photo of sheet measurements 5 | | | | |
| 98 | Lab Worksheet with handwritten notes dated 09/14/88 (AG000651 – AG000652) | | | | |
| 99 | Marty's First Unsigned Confession | | | | |
| 100 | Baumann Trial Testimony (BW000640 – BW000766, BW000877 – BW001070) | | Hearsay, no objection for impeachment purposes | | |
| 101 | Report re Death Investigation dated 09/07/88 | | | | |
| 102 | Criminalistics Inventory Report dated 09/07/88 | | | | |
| 103 | Photos of Sheet Measurements | | | | |
| 104 | Lab worksheet with drawing of night shirt | | | | |
| 105 | Photos A-D | | | | |
| 106 | Photo of pillowcase | | | | |
| 107 | Criminalistics Trace Evidence Report dated 01/07/89 | | | | |

## PLAINTIFF'S LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defendant Objection | ID | Evid. |
|------|-------------|------------|---------------------|-----|-------|
| 108 | Genna crime tests Photos 001 - 021 | | | | |
| 109 | Handwritten notes (pattern of chain link design) (AG000068) | | | | |
| 110 | Notes of message from Genna to Collins (AG000070 – AG000076) | | Hearsay, no objection for impeachment purposes | | |
| 111 | Trial testimony of Genna | | Hearsay, no objection for impeachment purposes | | |
| 112 | AG memo of interview with Genna 08/14/08 | | Relevance FRE 402, 403, Hearsay, no objection for impeachment purposes | | |
| 113 | Criminalistics Lab Worksheet Notes dated 01/07/89 (AG018566 – AG018567) | | | | |
| 114 | Photograph of Fingerprint in blood | | | | |
| 115 | Photo of slash marks in sheets | | | | |
| 116 | Handwritten notes (SCDA002713 – SCDA002714) | | | | |
| 117 | Diagram of Tankleff Home (AG019209) | | | | |
| 118 | Photos of bathroom | | | | |
| 119 | Handwritten notes (AG012623 – AG012642) | | | | |
| 120 | Handwritten notes (BW004508 | | | | |
| 121 | Doyle Trial testimony | | Hearsay, no objection for impeachment purposes | | |
| 122 | Supp. Report 090888 (#2) | | | | |
| 123 | AG + Carmody Interview | | Relevance FRE 402, 403, Hearsay, no objection for impeachment purposes | | |
| 124 | Deposition of Doyle | | | | |
| 125 | Notes labeled as Carmody | | | | |
| 126 | Lab note | | | | |
| 127 | Collins Summation of Crime | | Relevance FRE 402, 403, Hearsay, no objection for impeachment purposes | | |
| 128 | Vernard Adams direct from criminal trial | | Hearsay, no objection for impeachment purposes | | |

**PLAINTIFF'S LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defendant Objection | ID | Evid. |
|------|-------------|------------|---------------------|-----|-------|
| 129 | Mito testing results | | Relevance, FRE 402, 403, hearsay 802 | | |
| 130 | Investigative Memo 0729686 | | | | |
| 131 | Response to Request for Discovery | | Hearsay, no objection for impeachment purposes | | |
| 132 | McCready Trial Testimony | | | | |
| 133 | Oral statements by Marty Tankleff | | | | |
| 134 | Continuation of unknown report pgs 2-14 | | | | |
| 135 | Reservation of rights card | | | | |
| 136 | Jablonski hearing testimony | | Hearsay, no objection for impeachment purposes | | |
| 137 | Handwritten notes | | | | |
| 138 | Unknown Police Report Page 2-3 | | | | |
| 139 | Interoffice letter re taped conversations | | Hearsay, no objection for impeachment purposes | | |
| 140 | Letter to Jablonski | | Hearsay, no objection for impeachment purposes | | |
| 141 | Jablonski affidavit and accompanying docs | | Hearsay, no objection for impeachment purposes | | |
| 142 | Photo of house model | | | | |
| 143 | Photo of blood on chair | | | | |
| 144 | Crayne testimony | | Hearsay, no objection for impeachment purposes | | |
| 145 | Photo of red towel | | | | |
| 146 | Photo of bed | | | | |
| 147 | Photo of Marty Tankleff | | | | |
| 148 | Photo of Marty Tankleff's Desk | | | | |
| 149 | Divorce Documents | | Relevance, FRE 402, 403, hearsay 802 | | |
| 150 | Affidavit for MT's Bail | | Relevance, FRE 402, 403, hearsay 802 | | |
| 151 | NYAG Memo | | Relevance, FRE 402, 403, hearsay 802 | | |
| 152 | Newsday Clips | | Relevance, FRE 402, 403, hearsay 802 | | |

## PLAINTIFF'S LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defendant Objection | ID | Evid. |
|------|-------------|------------|---------------------|-----|-------|
| 153 | Trial Transcript 03289 | | Object to entire trial transcript consistent with individual objections herein and subject to the provisions of FRE 804 | | |
| 154 | Newsday Story 051193 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 155 | Shari Mistretta's Statement 010408 | | | | |
| 156 | Probate Proceeding about Seymour Tankleff Will | | Relevance, FRE 402, 403, hearsay 802 | | |
| 157 | Probate Decree about Seymour Tankleff Will | | Relevance, FRE 402, 403, hearsay 802 | | |
| 158 | Documents re Rother Associates | | Relevance, FRE 402, 403, 404  hearsay 802 | | |
| 159 | Transcript of Rother Interview by McCready | | Relevance, FRE 402, 403, 404 hearsay 802 | | |
| 160 | Lato Handwritten notes | | Relevance, FRE 402, 403, hearsay 802 | | |
| 161 | Printout of Digger O'Dells | | Relevance, FRE 402, 403, hearsay 802 | | |
| 162 | Memorandum re Interview Detective Pfalzgraf | | Relevance FRE 402, 403, Hearsay, no objection for impeachment purposes | | |
| 163 | Pfalzgraf notes 041414 | | | | |
| 164 | Pfalzgraf trial testimony 041414 | | Relevance FRE 402, 403, Hearsay, no objection for impeachment purposes | | |
| 165 | Notice of claim of O'Connor Klien | | Relevance FRE 402, 403, 404  Hearsay 802 | | |
| 166 | Probation Report | | | | |
| 167 | Page of Trial Testimony Rein | | Hearsay, no objection for impeachment purposes | | |
| 168 | Handwritten notes | | | | |
| 169 | Supp. Report Dates 030890 | | | | |

**PLAINTIFF'S LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defendant Objection | ID | Evid. |
|------|-------------|------------|---------------------|-----|-------|
| 170 | Excerpt of trial testimony | | Hearsay, no objection for impeachment purposes | | |
| 171 | Police officer notes 012215 | | | | |
| 172 | Handwritten notes | | | | |
| 173 | Supp Report dated 090888 | | | | |
| 174 | Supp Report dated 091088 | | | | |
| 175 | Excerpt from trial testimony | | | | |
| 176 | Handwritten notes | | | | |
| 177 | Email to NYAG | | Relevance FRE 402, 403, Hearsay 802 | | |
| 178 | NYAG report on interview | | Relevance FRE 402, 403, 404  Hearsay 802 | | |
| 179 | Probate File—Seymour Tankleff | | Relevance FRE 402, 403, Hearsay 802 | | |
| 180 | Seymour Tankleff's 1985 Last Will and Testament | | Relevance FRE 402, 403, Hearsay 802 | | |
| 181 | Arlene Tankleff's 1985 Last Will and Testament | | Relevance FRE 402, 403,  Hearsay 802 | | |
| 182 | Selected DOC records | | Hearsay 802 | | |
| 183 | Suffolk County Police Reports | | | | |
| 184 | Selected Prison Correspondence | | Relevance FRE 402, 403, Hearsay 802 | | |
| 185 | Selected Seymour Tankleff Photographs | | | | |
| 186 | Selected Arlene Tankleff Photographs | | | | |
| 187 | Articles re. Martin Tankleff | | Relevance FRE 402, 403, Hearsay 802 | | |
| 188 | Law School Recommendations | | Relevance FRE 402, 403, Hearsay 802 | | |
| 189 | CV of Michael T. Cliff, Ph.D. | | Hearsay, no objection to refresh recollection | | |
| 190 | CV of Sanford L. Drob, Ph.D. | | Hearsay, no objection to refresh recollection | | |
| 191 | CV of T. Randolph Harris | | Hearsay, no objection to refresh recollection | | |
| 192 | Memo and notes re Glenn Harris | | Relevance FRE 402, 403, Hearsay 802 | | |
| 193 | Documents from Tankleff safe | | | | |
| 194 | Documents from Seymour's Desk/Note | | | | |
| 195 | Disciplinary Record | | Relevance FRE 402, 403, 404  Hearsay 802 | | |

**PLAINTIFF'S LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defendant Objection | ID | Evid. |
|------|-------------|------------|---------------------|-----|-------|
| 196 | Karlene Kovac's Affidavit | | Relevance FRE 402, 403, Hearsay 802 | | |
| 197 | Superior Court Information | | Relevance, FRE 402, 403, 404, hearsay 802 | | |
| 198 | Police Draft Supplementary Report | | | | |
| 199 | Police Logbook | | | | |
| 200 | C.V. of Michael Baden | | Hearsay, no objection to refresh recollection | | |
| 201 | Map of Area | | | | |
| 202 | C.V. of James Trainum | | Hearsay, no objection to refresh recollection | | |
| 203 | C.V. of Timothy Palmbach | | Hearsay, no objection to refresh recollection | | |
| 204 | Letter from Glenn Harris | | Relevance, FRE 402, 403, hearsay 802 | | |
| 205 | Theresa Covias' Affidavit | | Relevance, FRE 402, 403, hearsay 802 | | |
| 206 | John Guarascio's Affidavit | | Relevance, FRE 402, 403, hearsay 802 | | |
| 207 | Demp's Affidavit | | Relevance, FRE 402, 403, hearsay 802 | | |
| 208 | Visitor's Log Riverhead | | Hearsay, no objection to refresh recollection, or to impeach | | |
| 209 | Parole Worksheet | | Relevance, FRE 402, 403, hearsay 802 | | |
| 210 | C.V. of Matthew Marvin | | Hearsay, no objection to refresh recollection | | |
| 211 | June 2015 Affidavit of Mike Carmody | | Hearsay, no objection for impeachment purposes | | |
| 212 | Sadie Konopski's Affidavit | | Relevance, FRE 402, 403, hearsay 802 | | |
| 213 | Robert Mineo's Affidavit | | Relevance, FRE 402, 403, hearsay 802 | | |
| 214 | Police Blotter | | | | |
| 215 | Master Name Index Database Printout | | | | |

**PLAINTIFF'S LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| 216 | Prison Chronological History | | | | |
| 217 | June 2015 Affidavit of Norman Rein | | Hearsay, no objection for impeachment purposes | | |
| 218 | June 2015 Affidavit of Robert Doyle | | Hearsay, no objection for impeachment purposes | | |
| 219 | Photo of Maryann, Theresa, Jose Creedon, his children in FL | | Relevance, FRE 402, 403, hearsay 802 | | |
| 220 | Car rental agreement (Billy Ram) | | Relevance, FRE 402, 403, hearsay 802 | | |
| 221 | Creedon's Telephone Bill | | Relevance, FRE 402, 403, hearsay 802 | | |
| 222 | Surrogate's Court Petition for Appointment of Conservator | | Relevance, FRE 402, 403, hearsay 802 | | |
| 223 | Summons Estate of Tankleff v. Steuerman dated November 18, 1988 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 224 | Affirmation of Fox Opposing Newsday dated December 20, 1988 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 225 | Affirmation of Besunder Opposing Newsday dated December 21, 1988 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 226 | Fox Probate Transcript dated December 21, 1988 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 227 | Decision regarding Newsday Access to Probate Proceeding dated December 22, 1988 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 228 | Gilmore Testimony dated January 16, 1989 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 229 | Shari's Objections to Probate dated January 16, 1989 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 230 | Demand for Bill of Particulars dated January 27, 1989 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 231 | Falbee to Fox regarding Estate dated April 08, 1989 | | Relevance, FRE 402, 403, hearsay 802 | | |

## PLAINTIFF'S LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defendant Objection | ID | Evid. |
|------|-------------|------------|---------------------|-----|-------|
| 232 | Rother Answer to Demand for Bill of Particulars dated April 19, 1989 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 233 | Order Application and Petition for Inquiry regarding Rothers dated August 11, 1989 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 234 | Ron Rother Answer dated September 27, 1989 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 235 | Shari Rother Answer dated September 27, 1989 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 236 | Fox to Gottlieb Letter regarding Estate dated June 13, | | Relevance, FRE 402, 403, hearsay 802 | | |
| 237 | Tankleff Decree of Probate dated November 12, 1991 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 238 | Tankleff Stipulation of Settlement | | | | |
| 239 | Seymour Tankleff's Hofstra Agreement 1973 | | Relevance, FRE 402, 403, hearsay 802 | | |
| 240 | Exhibit 1 to Expert Report of Michael T. Cliff: Summary of Lost Legal Earnings | | | | |
| 241 | Exhibit 2 to Expert Report of Michael T. Cliff: Summary of Business Earnings Value as of 08/15/17 | | | | |
| 242 | Exhibit 3 to Expert Report of Michael T. Cliff: Summary of Income from Direct Inheritance and Hofstra Trust Value as of 08/15/17 | | | | |
| 243 | Exhibit 4 to Expert Report of Michael T. Cliff: Lost Legal Earnings 7th Percentile Wages in New York County Value as of 08/15/17 | | | | |
| 244 | Exhibit 5 to Expert Report of Michael T. Cliff: Lost Legal Earnings 75th Percentile Wages in New York State Value as of 08/15/17 | | | | |

PLAINTIFF'S LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| 245 | Exhibit 6 to Expert Report of Michael T. Cliff: Lost Legal Earnings Median Wages in New York County Value as of 08/15/17 | | | | |
| 246 | Exhibit 7 to Expert Report of Michael T. Cliff: Lost Legal Earnings Median Wages in New York State Value as of 08/15/17 | | | | |
| 247 | Exhibit 8 to Expert Report of Michael T. Cliff: Lost Legal Earnings 25th Percentile Wages in New York County Value as of 08/15/17 | | | | |
| 248 | Exhibit 9 to Expert Report of Michael T. Cliff: Lost Legal Earnings 25th Percentile Wages in New York State Value as of 08/15/17 | | | | |
| 249 | Exhibit 10 to Expert Report of Michael T. Cliff: Lost Business Earnings 75th Percentile Wages in New York County Value as of 08/15/17 | | | | |
| 250 | Exhibit 11 to Expert Report of Michael T. Cliff: Lost Business Earnings 75th Percentile Wages in New York State Value as of 08/15/17 | | | | |
| 251 | Exhibit 12 to Expert Report of Michael T. Cliff: Lost Business Earnings Median Wages in New York County Value as of 08/15/17 | | | | |
| 252 | Exhibit 13 to Expert Report of Michael T. Cliff: Lost Business Earnings Median Wages in New York State Value as of 08/15/17 | | | | |
| 253 | Exhibit 14 to Expert Report of Michael T. Cliff: Lost Business Earnings 25th Percentile Wages in New York County Value as of 08/15/17 | | | | |

## PLAINTIFF'S LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| 254 | Exhibit 15 to Expert Report of Michael T. Cliff: Lost Business Earnings 25th Percentile Wages in New York State Value as of 08/15/17 | | | | |
| 255 | Exhibit 16 to Expert Report of Michael T. Cliff: ANNUAL Wage percentiles New York State Lawyers 1996-2016 | | | | |
| 256 | Exhibit 17 to Expert Report of Michael T. Cliff: Annual Wage Percentiles New York County Lawyers 1996-2016 | | | | |
| 257 | Exhibit 18 to Expert Report of Michael T. Cliff: Growth in Average Annual Pay Offices of Lawyers 1996-2016 | | | | |
| 258 | Exhibit 19 to Expert Report of Michael T. Cliff: Annual Wage Percentiles New York State Management Occupations 1993-2016 | | | | |
| 259 | Exhibit 20 to Expert Report of Michael T. Scott: Annual Wage Percentiles New York County Management Occupations 1993-2016 | | | | |
| 260 | Exhibit 21 to Expert Report of Michael T. Cliff: Growth in Average Annual Pay Professional and Business Services 1993-2016 | | | | |
| 261 | Exhibit 22 to Expert Report of Michael T. Cliff: Estate Balances | | | | |
| 262 | Exhibit 23 to Expert Report of Michael T. Cliff: Hofstra Trust Past Income to M. Tankleff 1989-2017 | | | | |
| 263 | Exhibit 24 to Expert Report of Michael T. Cliff: Lost Income and Investment Past Hofstra Trust Income as of 08/15/17 | | | | |
| 264 | Exhibit 25 to Expert Report of Michael T. Cliff: Hofstra Trust | | | | |

**PLAINTIFF'S LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | Future Lost Income and Investment as of 08/15/17 | | | | |
| 265 | Exhibit 26 to Expert Report of Michael T. Cliff: Lost Income and Investment Direct Inheritance as of 08/15/17 | | | | |
| 266 | Exhibit 27 to Expert Report of Michael T. Cliff: Future Value Factors as of 08/15/17 | | | | |
| 267 | Notes and Reports Produced from Interviews of Mr. Tankleff by Dets. McCready, Rein & Doyle on 09/07/88 | | | | |
| 268 | Transcript of the 911 Call Placed by Martin Tankleff on 09/07/88 | | | | |
| 269 | Complete Set of SCPD Reports, Witness Statements, Notes, and Diagrams from the Investigation of the Murders of Arlene and Seymour Tankleff Produced in Discovery | | | | |
| 270 | Arlene Tankleff's Report of Autopsy (BW 1292–300) | | | | |
| 271 | Arlene Tankleff's Summary Report (BW 1302) | | | | |
| 272 | Arlene Tankleff's Toxicologic Report (BW 1317) | | | | |
| 273 | Arlene Tankleff's Charts and Notes (AG 8819–23) (AG 8835–43) | | | | |
| 274 | Arlene Tankleff's Certificate of Death (AG 8844). | | | | |
| 275 | Seymour Tankleff's Report of Autopsy (BW 1075–84) (AG 8945–53) (AG 8969–77) | | | | |
| 276 | Seymour Tankleff's Summary Reports (BW 1085) (AG 8968) | | | | |
| 277 | Seymour Tankleff's Toxicologic Report (AG 8959) | | | | |
| 278 | Seymour Tankleff's Diagrams and Notes (AG 8954–8) | | | | |
| 279 | Seymour Tankleff's Ambulance Report (SCDA 8134–7) | | | | |

## PLAINTIFF'S LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defendant Objection | ID | Evid. |
|------|-------------|------------|---------------------|----|----|
| 280 | Seymour Tankleff's Certificate of Death (AG 8967) | | | | |
| 281 | Seymour Tankleff's Reports from University Hospital (BW 1160–2) (AG 8960–6) | | | | |
| 282 | All Suffolk County Medical Examiner's Office Crime Lab Notes, Diagrams, and Reports regarding the Processing of the Crime Scene from Forensic Testing of Physical Evidence and the Investigation into the Murders of Arlene and Seymour Tankleff produced in discovery | | | | |
| 283 | All photographs taken by the Suffolk County Police Department into the investigation of the murders of Seymour and Arlene Tankleff produced in discovery. | | | | |
| 284 | All photographs taken by the Suffolk County Medical Examiner's Office into the investigation of the murders of Seymour and Arlene Tankleff produced in discovery. | | | | |
| 285 | SCPD Crime Scene Procedures-Homicide/Major Cases (SC001089–92) | | | | |
| 286 | Trial Testimony of Det. Norman Rein (SCDA014260–89) | | Hearsay, no objection for impeachment purposes | | |
| 287 | Trial Testimony of Martin Tankleff (BPC003517–3695) | | | | |
| 288 | [INTENTIONALLY LEFT BLANK] | | | | |
| 289 | New York Commission of Investigation: Interview of Daniel T. Hayes (SIC 398304-286–291). | | | | |
| 290 | New York Commission of Investigation: Interview of | | Rother -Hearsay, no objection for impeachment purposes | | |

## PLAINTIFF'S LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | Ronald Rother (SIC 398304-352–362) Interview reports from the New York Attorney General's Office reinvestigation: Interview of James McCready (AG 20186–94) | | McCready - hearsay 802 | | |
| 291 | Interview reports from the New York Attorney General's Office reinvestigation: Interview of Norman Rein (SIC 398304-0235–40) | | Hearsay, no objection for impeachment purposes | | |
| 292 | Interview reports from the New York Attorney General's Office reinvestigation: Interview of Robert Doyle (SIC 398304-269–75) | | Hearsay, no objection for impeachment purposes | | |
| 293 | Interview reports from the New York Attorney General's Office reinvestigation: Interview of Charles Kosciuk (SIC 398304-276–280) | | Hearsay, no objection for impeachment purposes | | |
| 294 | Interview reports from the New York Attorney General's Office reinvestigation: Interview of James McNamara (AG 20195–6) (AG 10366) | | Hearsay, no objection for impeachment purposes | | |
| 295 | *When Suspects are Abused*, National Law Journal (June 1979) | | Relevance, FRE 402, 403, hearsay 802 | | |
| 296 | *Report of the Civil Rights Committee on Allegations of Police Brutality in Suffolk County*, Suffolk County Bar Association (SIC 680869-0105–187) | | Relevance, FRE 402, 403, hearsay 802 | | |
| 297 | Documents from *Tankleff v. Suffolk County, et al.*: The Complaint in this case filed March 24, 2009 | | | | |
| 298 | [INTENTIONALLY LEFT BLANK] | | | | |
| 299 | Documents from *Tankleff v. Suffolk County, et al.*: The final | | Hearsay, no objection to refresh recollection | | |

**PLAINTIFF'S LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
|  | expert report of Timothy M. Palmbach dated Feb. 9, 2015 |  |  |  |  |
| 300 | The deposition testimony and exhibits in this case of James McCready on Dec. 11 and 12, 2012 |  |  |  |  |
| 301 | The deposition testimony and exhibits in this case of Norman Rein on Dec. 10 and 11, 2012 |  | Hearsay, no objection for impeachment purposes |  |  |
| 302 | The deposition testimony and exhibits in this case of Robert Doyle on Dec. 8, 2011 and Nov, 14, 2012 |  | Hearsay, no objection for impeachment purposes |  |  |
| 303 | The deposition testimony and exhibits in this case of John McElhone on Dec. 2, 2011 and Oct. 30, 2014 |  | Hearsay, no objection for impeachment purposes |  |  |
| 304 | [INTENTIONALLY LEFT BLANK] |  |  |  |  |
| 305 | The deposition testimony and exhibits in this case of Charles Kosciuk on Oct. 2 and Nov. 25, 2013, along with notes and diagrams created by Charles Kosciuk at the time of the investigation and produced to Plaintiff on Oct. 18, 2013 |  | Hearsay, no objection for impeachment purposes |  |  |
| 306 | The deposition testimony and exhibits in this case of Robert Baumann on July 18, 2014 |  | Hearsay, no objection for impeachment purposes |  |  |
| 307 | The deposition testimony and exhibits in this case of Vernard Adams on Aug. 5, 2014 |  | Hearsay, no objection for impeachment purposes |  |  |
| 308 | The deposition testimony and exhibits in this case of Edward Jablonski on Dec. 2, 2014 |  | Hearsay, no objection for impeachment purposes |  |  |
| 309 | [INTENTIONALLY LEFT BLANK] |  |  |  |  |
| 310 | Resume of Martin Harold Tankleff |  | Hearsay, no objection to refresh recollection |  |  |
| 311 | Social Security Administration, Social Security Statement for Martin H. Tankleff, August 14, 2017 |  | Hearsay, no objection to refresh recollection |  |  |

**PLAINTIFF'S LIABILITY EXHIBIT LIST**

| Ex # | Description | Stipulated | Defendant Objection | ID | Evid. |
|------|-------------|------------|---------------------|-----|-------|
| 312 | Selected damages photographs | | | | |

## DEFENDANTS' LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Plaintiff Objection (by FRE number) | ID | Evid. |
|---|---|---|---|---|---|
| A1. | 911 call recording | | | | |
| A2. | 911 call transcript | | | | |
| B. | McCready Supplemental Report, 9/14/88 | | 402, 403, 802, 803, 805 | | |
| D. | Notes of Oral Confession of Martin Tankleff | | 402, 403, 802, 803, 901 | | |
| E. | Stand up Photo of Plaintiff, Trial Exhibit #11 | | | | |
| F. | Mug Shot of Plaintiff | | 402, 403 | | |
| G. | Sketch of Arlene's Room, Trial Exhibit #169 | | 402, 403, 901 | | |
| H. | Sketch of Plaintiff's Room, Trial Exhibit #168 | | 402, 403, 901 | | |
| J. | Sketch of Parked Cars, Trial Exhibit #167 | | 402, 403, 901 | | |
| K. | Miranda Rights Card | | 402, 403 | | |
| L. | Exemplar Consent Form, Trial Exhibit 171 | | 402, 403 | | |
| M. | Photo of Blood on Plaintiff, Trial Exhibit 150 | | 402, 403 | | |
| N. | Unsigned Written Confession of Martin Tankleff, Trial Exhibit 172 | | 402, 403, 802, 803, 901 | | |
| O. | Prisoner Activity Log | | 402, 403 | | |
| P. | 710.30 Notice with statements of Martin Tankleff | | 402, 403, 802, 803 | | |
| Q. | Photo of Knife on Kitchen Counter, Trial Exhibit #'s 96-97 | | | | |
| R. | Anderson Supplemental Report 9/8/88 | | 402, 403, 802, 803, 805 | | |
| S. | Rein Supplemental Report 9/10/88 | | 402, 403, 802, 803, 805 | | |
| T. | Rein Supplemental Report 9/11/88 | | 402, 403, 802, 803, 805 | | |
| U. | McCready Supplemental Report 10/18/88 | | 402, 403, 802, 803, 805 | | |
| V. | Two Rein Supplemental Reports 2/14/90 | | 402, 403, 802, 803, 805 | | |
| W. | Rein Supplemental Report 4/4/90 | | 402, 403, 802, 803, 805 | | |

## DEFENDANTS' LIABILITY EXHIBIT LIST

| Ex # | Description | Stipulated | Plaintiff Objection (by FRE number) | ID | Evid. |
|------|-------------|-----------|-------------------------------------|----|----|
| X. | Autopsy Reports for Arlene and Seymour Tankleff | | 402, 403, 802, 803, 805 | | |
| Y. | Autopsy photos for Arlene and Seymour Tankleff | | 402, 403, 802, 803, 805 | | |
| Z. | Barbells recovered at 33 Seaside Drive | | 402, 403, 901 | | |
| AA. | Model of Tankleff residence | | 402, 403, 901 | | |
| BB. | New York State Commission of Investigation Report, December 2008 | | 402, 403, 802, 803, 805, 901 | | |
| CC. | Summons and Complaint | | 402, 403, 802, 803, 805 | | |
| DD. | Huntley Hearing Decision, May 5, 1989 | | 402, 403, 802, 803, 805 | | |
| EE. | People v. Tankleff, 199 A.D.2d 550 (2nd Dept. 1993) | | 402, 403, 802, 803, 805 | | |
| FF. | People v. Tankleff, 84 N.Y.2d 992 (1994) | | 402, 403, 802, 803, 805 | | |
| GG. | Tankleff v. Senkowski, 993 F.Supp. 151 (E.D.N.Y 1997) | | 402, 403, 802, 803, 805 | | |
| HH. | Tankleff v. Senkowski, 135 F.3d 235 (2nd Cir. 1998) | | 402, 403, 802, 803, 805 | | |
| II. | People v. Tankleff, 49 A.D.3d 160 (2nd Dept. 2007) | | 402, 403, 802, 803, 805 | | |
| JJ. | July 22, 2008 Supreme Court Decision | | 402, 403, 802, 803, 805 | | |
| KK. | Crime Scene Video | | 402, 403, 802, 803, 901 | | |
| LL. | Mather Hospital Records for Seymour Tankleff/Ambulance Call report | | 402, 403, 802, 803, 805, 901 | | |
| MM. | Hand drawing house layout/Vinny Bove 9-7-88 | | 402, 403, 901 | | |
| NN. | Hand drawing of knife/Vinny Bove 9-7-88 | | 402, 403, 901 | | |
| OO. | Diagram southwest bedroom | | 402, 403, 901 | | |

## PHOTOS  (with Criminal Trial Exhibit number)

**PLAINTIFF OBJECTIONS:** Plaintiff objects to each of the following proposed exhibits under Federal Rules of Evidence 402, 403, and 901.

## DEFENDANTS' LIABILITY EXHIBIT LIST

Trial Ex. #

| | | |
|---|---|---|
| PP. 1 | 7. | Arlene Tankleff bedroom from hallway |
| PP. 2 | 8. | Arlene Tankleff bedroom from inside room |
| PP. 3 | 9. | Arlene Tankleff bedroom closet |
| PP. 4 | 10. | Arlene Tankleff bedroom desk and TV |
| PP. 5 | 11. | Martin Tankleff – stand up photo at precinct |
| PP. 6 | 12. | Doorway into office and card table |
| PP . 7 | 13. | Office/card table/TV |
| PP. 8 | 14. | Office/desk chair wide view |
| PP.9 | 16. | Arlene Tankleff on floor |
| PP. 10 | 17. | Office – large pillow/backrest in foreground |
| PP. 11 | 18. | Office – sneakers on floor |
| PP. 12. | 23. | Knife on counter by Watermelon |
| PP. 13 | 26. | Sliding door frame -  Arlene Tankleff bedroom |
| PP. 14. | 27. | Aerial photo residence |
| PP. 15 | 28. | Corner of sliding door frame – Arlene Tankleff bedroom |
| PP. 16. | 29. | Track of door frame – Arlene Tankleff bedroom |
| PP. 17 | 35. | M. Tankleff bed w/towels |
| PP. 18 | 37. | Arlene Tankleff bed – remote in foreground (Arlene visible to left) |
| PP. 19 | 38. | Arlene Tankleff bed – left side/night stand |
| PP. 20 | 39. | Arlene Tankleff bed – left side/pillow & sheets |
| PP. 21 | 40. | Blood drop on wall/Arlene Tankleff bedroom |
| PP. 22 | 41. | Blood drop on wall/Arlene Tankleff bedroom |
| PP. 23 | 42. | Blood stain on bedsheet |

## DEFENDANTS' LIABILITY EXHIBIT LIST

| | | |
|---|---|---|
| PP. 24. | 43. | Blood stains on pillow case (Crime lab tag  # 6) |
| PP. 25. | 44. | Blood stain on pillow case (Crime lab tag #5) |
| PP. 26 | 45. | Blood drop on flamingo picture |
| PP. 27 | 47. | Arlene Tankleff right forearm & hand |
| PP. 28 | 48. | Arlene Tankleff left forearm & hand |
| PP. 29 | 49. | Arlene Tankleff torso/left shoulder |
| PP. 30 | 50. | Arlene Tankleff torso |
| PP. 31 | 51. | Arlene Tankleff legs |
| PP. 32. | 52. | Blood stains on rug |
| PP. 33 | 53. | Blood stains on bed skirt |
| PP. 34 | 54. | Blood stains & hair clump on bed |
| PP. 35 | 55. | Blood spatter on pillowcase |
| PP. 36 | 56. | Blood stains on side of mattress/sheets |
| PP. 37 | 57. | Blood stains on left side of mattress/sheets/night table |
| PP. 38. | 58. | Arlene Tankleff left hand & forearm (tag #24) |
| PP. 39 | 59. | Arlene Tankleff at scene on ME sheet |
| PP. 40 | 62A. | Blood soaked clothing/underwear.  Office floor (tag #26) |
| PP. 41 | 64. | Blood spatter on desk (tag #27) |
| PP. 42 | 68. | Measuring tape next to table in office w/harness race photo |
| PP 43 | 69. | Blood spatter on desk (tag #28) |
| PP. 44 | 70. | Blood spatter on door molding - office/with tape measure |
| PP. 45 | 71. | Blood stains on file cabinet (#30) |
| PP. 46 | 73A. | Office/desk front view |

**DEFENDANTS' LIABILITY EXHIBIT LIST**

| PP. 47 | 73B. | Office/desk from side |
| PP. 48 | 74A. | Blood spatter papers on desk (left) |
| PP. 49 | 74B. | Blood spatter papers on desk (center) |
| PP. 50 | 74C. | Blood spatter papers on desk (right) |
| PP. 51 | 74D. | Blood spatter desk phone |
| PP. 52 | 74E. | Blood spatter desk phone continuing to right |
| PP. 53 | 74F. | Desk drawers left side |
| PP. 54 | 74G. | Desk drawers phone cord |
| PP. 55 | 75. | Blood soaked clothing/desk chair |
| PP. 56 | 76A. | Blood spatter on ceiling |
| PP. 57 | 76B. | Close up blood spatter on ceiling |
| PP. 58 | 77A. | Blood spatter on ceiling/tape measure |
| PP. 59 | 77B. | Blood spatter on ceiling/tape measure close up |
| PP. 60 | 78A. | Phone in living room |
| PP. 61 | 78B. | Living room/chair in center |
| PP. 62 | 78C. | Living room/couch to left |
| PP. 63 | 78D. | Knife on counter near living room |
| PP. 64 | 78E. | Chair in front of shelf |
| PP. 65 | 78F. | Computer desk plaintiff's bedroom |
| PP. 66 | 78G. | Chair back/clothing on rack to left |
| PP. 67 | 79. | Dead bolt/garage door entry |
| PP. 68 | 80A. | Top of leather chair office – bloodstains |
| PP. 69 | 80B. | Seat of leather chair office |

**DEFENDANTS' LIABILITY EXHIBIT LIST**

| | | |
|---|---|---|
| PP. 70 | 80C. | Foot rest leather chair office |
| PP. 71 | 81. | Red towel on bathroom floor folded |
| PP. 72 | 83. | Red towels on rack in bathroom |
| PP. 73 | 86. | Bathtub stopper & connector |
| PP. 74 | 88. | Loofah sponge in corner of tub |
| PP. 75 | 90. | Wall plaintiff's bedroom/light switch/photo of plaintiff on wall |
| PP. 76 | 91. | Light switch plaintiff's bedroom – Blood on wall |
| PP. 77 | 93. | Barbells in plaintiff's bedroom |
| PP. 78 | 96. | Close up knife by watermelon |
| PP. 79 | 97. | Close up by sink |
| PP. 80 | 101. | Towel on plaintiff's bed |
| PP. 81 | 105. | Close-up items on plaintiff's computer desk |
| PP. 82 | 106. | Binoculars on shelf plaintiff's bedroom |
| PP. 83 | 108. | Small tap hammer in box |
| PP. 84 | 110. | Framing hammer (crime lab tab #53) |
| PP. 85 | 114. | Drawer items in drawer (crime lab tag #58) |
| PP. 86 | 117. | Loofah sponge in corner of tub |
| PP. 87 | 118. | Cuts in leather of chair |
| PP. 88 | 119. | Sneakers w/blood stains |
| PP. 89 | 120. | Polaroid of Hair follicle |
| PP. 90 | 139A. | 7 Polaroid photos red towel at crime lab |
| PP. 91 | 140A. | 2 Polaroid photos wash cloth at crime lab |
| PP. 92 | 141A. | 2 Polaroid photos – white towel |

**DEFENDANTS' LIABILITY EXHIBIT LIST**

| | | |
|---|---|---|
| PP. 93 | 142. | Blood on rug in office/Blood stained cloths/chair |
| PP. 94 | 143. | Crime lab photo #4 Blood pattern sheet |
| PP. 95 | 144. | Crime lab photo #5 Blood patterns pillow case |
| PP. 96 | 145A. | Crime lab photo #6    Blood pattern QP1 |
| PP. 97 | 145B. | Crime lab photo #6    Blood pattern QP2 |
| PP. 98 | 145C. | Crime lab photo #6    Blood pattern QP3 |
| PP. 99 | 145D. | Crime lab photo #6    Blood pattern QP4 |
| PP. 100 | 146A. | Crime lab photo #20   Blood pattern QP1 |
| PP. 101 | 146B. | Crime lab photo #20   Blood pattern QP2 |
| PP. 102 | 147A. | Crime lab photo #25A Blood pattern QP1 |
| PP. 103 | 147B. | Crime lab photo #25A Blood pattern QP2 |
| PP. 104 | 147C. | Crime lab photo #25A Blood pattern QP3 |
| PP. 105 | 147D. | Crime lab photo #25A Blood pattern QP4 |
| PP. 106 | 148. | Crime lab drywall cut out blood pattern |
| PP. 107 | 150. | Picture of blood stains on plaintiff's right shoulder |
| PP. 108 | 151. | Mug shot of plaintiff |
| PP. 109 | 152. | Rack stereo system |
| PP. 110 | 153. | Glass on top of Rack stereo system |
| PP. 111 | 154. | China cup on table |
| PP. 112 | 155. | Storm door frame |
| PP. 113 | 156. | View up driveway |
| PP. 114 | 157. | Sliding doors |
| PP. 115 | 158. | Sink and faucet |

**DEFENDANTS' LIABILITY EXHIBIT LIST**

| | | |
|---|---|---|
| PP. 116 | 159. | Faucet close up |
| PP. 117 | 160. | Exterior door back of house |
| PP. 118 | 161. | Wide shot - plaintiff on hood of car – with Det. McCready and Det. Doyle |
| PP. 119 | 162. | Closer shot - plaintiff on hood of car – with Det. McCready and Det. Doyle |
| PP. 120 | 163. | Wide shot - plaintiff on hood of car – with Det. McCready and Det. Doyle |
| PP. 121 | 164. | Photo plaintiff on hood of car with Det. Rein and Det. Doyle |
| PP. 121 | 165. | Close up – photo plaintiff on hood of car with Det. Rein and Det. Doyle |
| PP. 122 | 166. | Wide shot – plaintiff on hood of car with Det. Rein and Det. Doyle |
| PP. 123 | 176. | ME photo – Arlene Tankleff right wrist |
| PP. 124 | 177. | ME photo – Arlene Tankleff left wrist |
| PP. 125 | 178. | ME Polaroid photo Arlene Tankleff neck |
| PP. 126 | 179. | ME Polaroid photo – Arlene Tankleff back |
| PP.127 | 181. | ME photo – Arlene Tankleff head |
| PP. 128 | 182. | ME photo – Arlene Tankleff head next to barbell |
| PP. 129 | 183. | ME photo end of barbell next to Arlene Tankleff's head |
| PP. 130 | 187. | ME photo – Seymour Tankleff head |
| PP. 131 | | Doorway to Plaintiff's bedroom (not used at criminal trial) |
| PP. 132 | | Wall in plaintiff's room and bed (not used at criminal trial) |
| PP. 133 | | Plaintiff's bed (not used at criminal trial) |
| PP. 134 | | Computer desk with barbells (not used at criminal trial) |
| PP. 135 | | Barbells shelf to the right (not used at criminal trial) |
| PP. 136 | | Barbells close up (not used at criminal trial) |
| PP. 137 | | Barbells looking down (not used at criminal trial) |

## DEFENDANTS' LIABILITY EXHIBIT LIST

**FOR REBUTTAL AND IMPEACHMENT IF NECESSARY**

QQ.            Video tape interview of Glenn Harris, September 4, 2014

**This potential exhibit has not yet been disclosed, and Plaintiff reserves any and all objections to its admissibility.**

Defendants further reserve the right to object to Plaintiff's exhibits at trial.

Defendants further reserve the right to amend their proposed schedules in response to the plaintiff's schedules.

Dated: October 13, 2017          Respectfully submitted,
New York, NY

/s/ Richard Sawyer
Barry Scheck
Emma Freudenberger
Richard Sawyer
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, 8th Floor
New York, New York 10013
Telephone: (212) 965-9081
Fax: (212) 965-9084
Email: rick@nsbcivilrights.com

BARKET, MARION, EPSTEIN & KEARON, LLP
Bruce A. Barket
666 Old Country Rd., Suite 700
Garden City, New York 11530
Telephone: (516) 745-1122

MILLER & CHEVALIER, CHARTERED
Barry J. Pollack
655 Fifteenth Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 626-5830

*Attorneys for Plaintiff Martin Tankleff*

DENNIS M. BROWN
SUFFOLK COUNTY ATTORNEY
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788

By: /s/ Brian C. Mitchell
      Brian C. Mitchell
      Assistant County Attorney

      ***Attorneys for Defendants***