## COUNTY OF SUFFOLK



**STEVE BELLONE**
SUFFOLK COUNTY EXECUTIVE

**DENNIS M. BROWN**
COUNTY ATTORNEY

**DEPARTMENT OF LAW**

March 22, 2018

Hon. Joanna Seybert,
Unites States District Judge
Long Island Courthouse
100 Federal Plaza
P.O. Box 9014
Central Islip, New York  11722

Re:    Tankleff v. The County of Suffolk, et al.
       Docket No. CV09-1207 (JS)(SIL)

Dear Judge Seybert,

The defendants submit this letter to advise the Court of the defendants' position on the use of a jury questionnaire during jury selection in the above referenced action.  The defendants respectfully believe that the use of a questionnaire in this matter is unnecessary and may actually serve to delay the *voir dire* process.   While plaintiff is correct that the underlying facts of this case and subsequent judicial proceedings have received a considerable amount of media attention, there has been little to no substantive coverage in the last few years.   Moreover, as will happen to many persons who for whatever reason windup in the public eye, the passage of time, and competing newsworthy events, tend to dim what may have once been a brighter spotlight.   Additionally, the crimes underlying the claim occurred almost 30 years ago, and the trial, while televised, took place 28 years ago.   The defendants respectfully submit that most prospective members of the jury panel will probably have little recollection of any particular part of the trial, and indeed a number may not have even been born at the time.

Although there may be instances when a juror questionnaire may save time, under the circumstances of the planned selection process in this case (to start picking a jury on the morning of July 17, 2018 and commence the trial immediately thereafter), the defendants respectfully submit that requiring jurors to complete a questionnaire will in fact delay selection.   Certainly, some of the questions in the proposed questionnaire concern issues that are important to all sides in this case, however, these issues can be just as easily addressed through the traditional process of questioning the prospective jurors directly.   Those with knowledge of the case can be quickly and efficiently identified, and if for some reason they cannot be fair, promptly excused. Requiring the jurors to complete a questionnaire, and then have the parties take time to review each one, will only serve to delay the selection process.   The defendants respectfully submit that the more efficient procedure is to have the parties submit proposed *voir dire* questions to the Court which would then be posed to the jury should the Court deem them appropriate.

Notwithstanding our position above, should the Court decide to permit the use of a questionnaire, the defendants respectfully object entirely to the use of questions number six and ten in the plaintiff's proposed questionnaire, and suggest the following in place of question number one: Have you ever heard of either the plaintiff or defendants in this case?

I thank the Court for its consideration of this submission.

Respectfully submitted,

DENNIS M. BROWN
Suffolk County Attorney

___/s/ *Brian C. Mitchell*_____
Brian C. Mitchell
Assistant County Attorney

cc:  Anna Benvenutti Hoffmann, Esq (via ECF)
     Emma Freudenberger, Esq (via ECF)
     Barry Scheck, Esq.   (via ECF)
     Barry Pollack, Esq. (via ECF)
     Bruce Barket, Esq (via ECF)
     Rick Sawyer, Esq. (via ECF)